[No. 19032.    Department Two.    February 9, 1925.]

THE STATE OF WASHINGTON, *on the Relation of Curtis Friedlander, Respondent,* v. OLIVE DUNNING, *as County Treasurer, Appellant.*[1]

TAXATION (177, 178)—TAX SALE—TITLE OF PURCHASER—LOCAL ASSESSMENT LIENS—ISSUANCE OF TAX DEED. The county, in bidding in property at a delinquent tax sale, takes the title free from local assessments, and may thereafter sell the property at any price it desires.

SAME (182)—TAX TITLES—MANDAMUS TO COMPEL MAKING DEED. Mandamus lies to compel the county treasurer to execute a deed for county lands, where the county had sold the lands in compliance with the statutory requirements and accepted the bid, leaving nothing to be done but a ministerial act.

Appeal from a judgment of the superior court for Grays Harbor county, Abel, J., entered April 19, 1924, upon findings in favor of the plaintiff, in an action to compel the issuance of a tax deed, tried to the court. Affirmed.

*A. E. Graham* and *A. Emerson Cross,* for appellant.

*Theodore B. Bruener,* for respondent.

[1]Reported in 233 Pac. 8.

MACKINTOSH, J.—Grays Harbor county some years ago purchased at a delinquent tax sale the property here concerned. At the time of the purchase, there were certain delinquent taxes and local assessments against the property. In 1923, the board of county commissioners made an order directing the treasurer of the county to sell the property for not less than the amount of the taxes against it. The sale took place on August 18, 1923, in pursuance of a duly advertised notice, and all proceedings with reference to the sale were duly made and had and taken. At the sale the plaintiff bid for the property the sum which was the total amount of the taxes against it; that bid was the highest and best bid, the appellant, as county treasurer, conducted the sale and then and there accepted the bid and struck the property off to the respondent, who thereafter paid to the treasurer the amount of the bid. The treasurer accepted the money and still retains it. She has repeatedly promised to issue a treasurer's deed, but has failed to do so, and this action is brought to compel its issuance. The lower court ordered the deed to issue, and the treasurer now appeals, contending that the sale of the property was not justified for an amount less than the general taxes and local assessments.

When the county became the purchaser of the property years ago it took it free from local assessments. It had full, clear title and might sell the property at any price it desired. *Bassett v. Spokane,* 98 Wash. 654, 168 Pac. 478; *Tamblin v. Crowley,* 99 Wash. 133, 168 Pac. 982; *Maryland Realty Co. v. Tacoma,* 121 Wash. 230, 209 Pac. 1; *Collins v. Spokane,* 123 Wash. 156, 212 Pac. 150; § 11308, Rem. Comp. Stat. [P. C. § 7008]. After having complied with the statutory requirements as to a sale of county property, and *after having accepted the bid* of the respondent and

his money, nothing remained to be done then except to issue the treasurer's deed. *McPherson Bros. Co. v. Okanogan County,* 45 Wash. 285, 88 Pac. 199, 9 L. R. A. (N. S.) 748. This was a purely ministerial act and the court was right in ordering it performed. *State ex rel. Race v. Cranney,* 30 Wash. 594, 71 Pac. 50.

A couple of other minor points are raised by the appellant, but we find no merit in them. The judgment is therefore affirmed.

TOLMAN, C. J., BRIDGES, MITCHELL, and HOLCOMB, JJ., concur.