[No. 24861. Department One. May 7, 1934.]

COWLITZ COUNTY, *Respondent*, v. K. A. JURMU *et al.*, *Appellants*, P. A. GLAHN, *Respondent.*[1]

*Dwinell & McCoy*, for appellant.
*John F. McCarthy*, for respondent.

MILLARD, J.—This is an appeal from an order of the superior court for Cowlitz county, granting a writ of assistance to respondent P. A. Glahn against appellant

[1]Reported in 32 P. (2d) 528.

Otis Shepardson. The facts are stipulated, and are as follows:

Appellant owned a tract of land in diking improvement district No. 15, of Cowlitz county. On February 2, 1933, the assessments against that land for bond redemption and maintenance for the year 1928 being delinquent for more than four years, the county treasurer, as required by the diking improvement district law, issued to Cowlitz county a certificate of delinquency for the assessments. The county never paid to the diking district any part of the assessments. The certificate of delinquency was issued to the county as trustee for the diking district for the purpose of foreclosure thereof.

"The respective installments of assessments for construction or maintenance of improvements made under the provisions of this act, shall be collected in the same manner and shall become delinquent at the same time as general taxes, certificates of delinquency shall be issued, and the lien of the assessment shall be enforced by foreclosure and sale of the property assessed, as in the case of general taxes, . . ." Rem. Rev. Stat., § 4439-2.

So far as pertinent to this appeal, the statute respecting foreclosure of tax liens embraced in such certificates of delinquency reads as follows:

" . . . the county treasurer shall proceed to issue certificates of delinquency on said property to the county, and shall file said certificates when completed with the clerk of the court, and the treasurer shall thereupon, . . . proceed to foreclose in the name of the county, the tax liens embraced in such certificates, and the same proceedings shall be had as when held by an individual: Provided, that notice and summons may be served or notice given exclusively by publication in one general notice, describing the property as the same is described on the tax-rolls. . . . Said certificates of delinquency issued to the county

may be issued in one general certificate in book form including all property, and the proceedings to foreclose the liens against said property may be brought in one action and all persons interested in any of the property involved in said proceedings may be made co-defendants in said action, and if unknown may be therein named as unknown owners, and the publication of such notice shall be sufficient service thereof on all persons interested in the property described therein. The person or persons whose name or names appear on the treasurer's rolls as the owner or owners of said property shall be considered and treated as the owner or owners of said property for the purpose of this section, and if upon said treasurer's rolls it appears that the owner or owners of said property are unknown, then said property shall be proceeded against, as belonging to an unknown owner or owners, as the case may be, and all persons owning or claiming to own, or having or claiming to have an interest therein, are hereby required to take notice of said proceedings and of any and all steps thereunder. The publication of the notice and summons required by this section shall be made by the county treasurer in the official newspaper of the county: Provided, the price charged by any such newspaper for such publication, for the whole number of issues, shall not exceed in any case the price stated in the contract of the county with such newspaper for county printing, and that, if such publication cannot be made in said newspaper at said price, the county treasurer may cause such publication to be made in any other newspaper printed, published and of general circulation in the county, at a cost for the whole number of issues not to exceed in any case the maximum rate for county printing fixed by contract for such year." Rem. Rev. Stat., § 11278.

On February 8, 1933, respondent Cowlitz county filed its application in the superior court for Cowlitz county for judgment of foreclosure of the above-described assessment lien. Summons regular in form was published the required number of times in the Daily Tribune and Kelsonian, a legal newspaper of general cir-

culation in Cowlitz county. The official newspaper of the county was the Longview Daily News. The price charged by, and paid to, the Daily Tribune and Kelsonian did not exceed the contract price for county printing. The reason given for failure to publish the summons in the official newspaper was that the commissioners of the diking district were informed by the county treasurer that he did not believe that the Longview Publishing Company would publish the summons unless arrangement was made to pay cash therefor. This belief was based on the fact that the publishing company refused to publish summons on foreclosure on behalf of another diking district of the county

" . . . unless and until arrangements were made to pay cash therefor, instead of accepting warrants of said district; that the summons in said district No. 5 which the said company refused to publish for warrants, was larger and more expensive than the one herein, and the financial status of the two districts was not the same, that diking district No. 15 had no cash with which to pay for such publication and could only pay by warrants."

The county treasurer did not, nor did the commissioners of the diking district or any one in their behalf, make any inquiry of the Longview Publishing Company, which was ready, able and willing to publish the summons in the official newspaper, to ascertain whether it would publish the summons and accept warrants for such service. Appellant Shepardson had no other notice than that described above, and did not appear in the action in which judgment was entered foreclosing the assessment lien and directing the sale of the appellant's property in satisfaction thereof.

On April 26, 1933, the appellant was personally served with notice that his land would be offered for sale and sold May 6, 1933, to satisfy the judgment of foreclosure. On May 6, 1933, the property was sold,

in the manner required by statute, by the county treasurer to P. A. Glahn for the full amount of the assessments above described, plus penalties, interest and costs. On May 10, 1933, a treasurer's deed covering the property was executed and delivered to respondent Glahn.

On refusal of appellant to surrender possession of the property to purchaser Glahn, the latter filed his petition for a writ of assistance to gain possession of the property. The defense of Shepardson, who did not pay nor offer to pay the delinquent assessments, was that the judgment and sale were void for the reason that the county treasurer did not publish the notice and summons in the official newspaper of the county. Trial of the cause to the court resulted in entry of an order granting a writ of assistance to respondent Glahn.

A lien of delinquent assessments in diking improvement districts shall be foreclosed in the same manner as the foreclosure of the lien of general taxes. Rem. Rev. Stat., § 4439-2. Notice and summons may be served or notice given exclusively by publication in one general notice describing the property as the same is described on the tax rolls. Rem. Rev. Stat., § 11278.

However, contends appellant, assuming that statutory authority exists for service by publication, the summons must be published in the official newspaper of the county. Rem. Rev. Stat., § 11278.

Appellant does not claim to have any defense to the foreclosure proceeding other than that the proceeding is void because the notice by publication was not through the medium of the official newspaper.

The defect or irregularity of which appellant complains is not fatal, in view of the fact that the statute does not, because of such irregularity, make the proceeding void. The defect is not jurisdictional; it is

a mere irregularity. After judgment of foreclosure, the appellant received personal notice of the sale. He had ample time to protect himself. This, he did not do. He stood by and let the sale be made. The statutory provision (Rem. Rev. Stat., § 11278) invoked by appellant is quoted above. The statute does not provide that failure to strictly comply therewith renders proceedings thereunder void. The statute is specific in providing that, in the event the publication can not be made in the official newspaper at the price fixed by the contract of the county for county printing, the county treasurer may cause such publication to be made in any other newspaper printed, published and of general circulation in the county.

The purpose of the statute was to require notice to defendants of the bringing of the action. The publication made accomplished that purpose. The publication was made in a legal newspaper of the county for the required period of time at a price not exceeding the contract price for county printing. The publication was made in a newspaper as likely to come to the attention of the defendants to be served as the official newspaper. Though not a strict compliance with the statute, the publication was sufficient because it was a substantial compliance with the statute, and no prejudice is shown. *Kruesel v. Collin*, 170 Wash. 233, 16 P. (2d) 442. See, also, *Valz v. Sheepshead Bay Bungalow Corp.*, 249 N. Y. 122, 163 N. E. 124.

Affirmed.

BEALS, C. J., MAIN, MITCHELL, and STEINERT, JJ., concur.