[No. 25143.   Department One.   September 10, 1934.]

KENNEWICK IRRIGATION DISTRICT, *Respondent*, v. BEN-
TON COUNTY *et al.*, *Appellants*, HAROLD G. FYFE
*et al.*, *Respondents.*[1]

2

*Charles L. Powell,* for appellants.

*B. E. McGregor* and *C. L. Holcomb,* for respondents.

MILLARD, J.—By foreclosure (pursuant to the provisions of Rem. Rev. Stat., §§ 7444 and 7445), of delinquent irrigation assessments against certain tracts of land lying within the Kennewick Irrigation District, the district acquired those parcels of land as a purchaser. One of the tracts was sold by the district to a stranger to the title. Some of the tracts were purchased from the district by their former owners. The

remaining tracts acquired by it at the foreclosure sale are still owned by the district.

An action, in which three of the district's vendees intervened, was instituted by the Kennewick Irrigation District against Benton county and the treasurer of the county for the cancellation of general taxes against the above mentioned tracts of land. To the plaintiff's complaint and to the complaint in intervention, the defendants interposed demurrers, which were overruled. Defendants refused to plead further, whereupon judgment was entered in favor of the plaintiff and the interveners. Defendants appealed.

The facts and the questions presented thereby are as follows:

(1) The land described in the first cause of action is a tract which was acquired by respondent district at the foreclosure sale and thereafter purchased from the district by intervener Fyfe, who was a stranger to the title. The question is whether land thus acquired by the district and sold to a stranger to the title is relieved of the lien of prior general taxes.

(2) The cancellation of general taxes against lands acquired at the foreclosure sale by the district and still owned by it is sought by respondent district in its second cause of action. The question is whether those lands, by virtue of the deed given by the county to the district, are relieved of the lien of prior general taxes.

(3) At the time the tract of land described in the third cause of action was deeded by the county to respondent district, the same was owned by intervener Zinser, who repurchased the tract from the district under the provision of Ch. 43, Laws of 1933, p. 257, § 8, Rem. 1934 Sup., § 7445 [P. C. § 3223], which authorizes the board of directors of the district

". . . to grant options to purchase or sell on deferred payment contracts or for cash, land acquired

by deed on district assessment foreclosure, in such manner, at such price and upon such terms as they shall deem to be for the best interests of the district."

Are respondent district and intervener Zinser entitled to a cancellation of the taxes levied against the land prior to its acquisition by the district?

(4) Respondent district's fourth cause of action and the third cause of action in the complaint in intervention present the same question. Section 19, Ch. 129, Laws of 1921, p. 455, prior to amendment by Ch. 43, Laws of 1933, p. 257, § 8, authorized the board of directors of an irrigation district to reconvey to their former owner lands acquired by the district through foreclosure of delinquent irrigation assessments when

". . . in the judgment of the board of directors, said sale shall have resulted from unavoidable accident, inadvertency, or misfortune and without intent on the part of the owner or person entitled to make redemption, to permit said assessments to become delinquent and the land to be sold . . . upon the payment by the owner or person who would have been entitled to make redemption before deed of the total amount of the assessments . . ." Rem. Rev. Stat., § 7445.

Under the foregoing provision, land owned by intervener Desgranges, at the time it was deeded by the county to the district, was reconveyed to Desgranges. The question is whether land deeded by the county to the district under the provisions of Rem. Rev. Stat., § 7445, and thereafter reconveyed under the above-quoted inadvertency provision of the statute to the former owner of the land is subject to the lien of prior general taxes.

Appellants contend that the legislative intent to preserve the lien of general taxes levied prior to the date the irrigation district acquired title to the property is clearly manifested in Rem. Rev. Stat.,

§§ 11260 and 7441, which provide that taxes shall be a lien upon the real property upon which they may be assessed, and that the lien of general taxes shall be prior and superior to the lien of irrigation district assessments.

"All taxes and levies which may hereafter be lawfully imposed or assessed shall be and they are hereby declared to be a lien respectively upon the real property upon which they may hereafter be imposed or assessed, which liens shall include all charges and expenses of and concerning the said taxes which, by the provisions of this act, are directed to be made. The said lien shall have priority to and shall be fully paid and satisfied before any recognizance, mortgage, judgment, debt, obligation or responsibility to or with which said real property may become charged or liable." Rem. Rev. Stat., § 11260 [P. C. § 6882-99].

"The assessment upon real property shall be a lien against the property assessed, from and after the first Monday in March in the year in which it is levied, but as between grantor and grantee such lien shall not attach until the first day in November of such year, until and including the year 1923 and the first Monday in February of the year 1925 and each year thereafter, which lien shall be paramount and superior to any other lien theretofore or thereafter created, whether by mortgage or otherwise, except for a lien for prior assessments and for general taxes, and such lien shall not be removed until the assessments are paid or the property sold for the payment thereof as provided by law. And the lien for the bonds of any issue shall be a preferred lien to that of any subsequent issue. Also the lien for all payments due or to become due under any contract with the United States or the state of Washington accompanying which bonds of the district have not been deposited with the United States or the state of Washington, as in section 7429 provided, shall be a preferred lien to any issue of bonds subsequent to the date of such contract." Rem. Rev. Stat., § 7441 [P. C. § 3219].

Appellants argue:

"We believe that the statute [Rem. Rev. Stat., § 7448] should be held to mean that presumptively the deed conveys the property free and clear of taxes, but that the presumption is overcome when we consider the other two statutes [Rem. Rev. Stat., §§ 11260 and 7441] specifically making taxes a lien prior to all others."

It is insisted that Rem. Rev. Stat., § 7448 [P. C. § 3226], as interpreted in *North Spokane Irrigation Dist. v. Spokane County,* 173 Wash. 281, 22 P. (2d) 990, is unconstitutional, as it contravenes the following provisions of our state constitution:

"The power of taxation shall never be suspended, surrendered or contracted away. All taxes shall be uniform upon the same class of property within the territorial limits of the authority levying the tax and shall be levied and collected for public purposes only. The word 'property' as used herein shall mean and include everything, whether tangible or intangible, subject to ownership. All real estate shall constitute one class: *Provided,* That the Legislature may tax mines and mineral resources and lands devoted to reforestation by either a yield tax or an ad valorem tax at such rate as it may fix, or by both. Such property as the Legislature may by general laws provide shall be exempt from taxation. Property of the United States and of the state, counties, school districts and other municipal corporations, and credits secured by property actually taxed in this state, not exceeding in value the value of such property, shall be exempt from taxation. The Legislature shall have power, by appropriate legislation, to exempt personal property to the amount of three hundred ($300.00) dollars for each head of a family liable to assessment and taxation under the provisions of the laws of this state of which the individual is the actual bona fide owner." Art. VII, § 1, as amended by the 14th amendment.

"No county, nor the inhabitants thereof, nor the property therein, shall be released or discharged from

its or their proportionate share of taxes to be levied for state purposes, nor shall commutation for such taxes be authorized in any form whatever." Art. XI, § 9.

"No law shall be passed granting to any citizen, class of citizens or corporation, other than municipal, privileges or immunities which, upon the same terms, shall not equally belong to all citizens or corporations." Art. I, § 12.

The statute (Rem. 1934 Sup., § 7445 [P. C. § 3223]), provides that, when an irrigation district acquires land sold for delinquent irrigation district assessments, the district

". . . as a purchaser at said sale, shall be entitled to the same rights as a private purchaser, and may assign or transfer the certificate of sale upon the payment of the amount which would be due if redemption were being made by the owner."

If the owner does not exercise his right of redemption within the statutory period of limitation (Rem. 1934 Sup., § 7447 [P. C. § 3225]), the county is required to make a deed of the property to the purchaser or his assignee. Such deed, under a provision contained in Rem. Rev. Stat., § 7448, "conveys to the grantee the absolute title to the lands described therein, free from all encumbrances." All lands owned by the irrigation district

". . . shall be exempt from general state and county taxes: *Provided, however,* That in the event any lands acquired by the district by reason of the foreclosure of irrigation district assessments, shall be by said district resold on contract, then and in that event, said property and contract shall be by the county assessor immediately placed upon the tax rolls for taxation for general state and county taxes as real property and shall become subject to general state and county taxes from and after the date of said contract." Rem. Rev. Stat., § 7440 [P. C. § 3218].

We held, in *North Spokane Irrigation Dist. v. Spokane County,* 173 Wash. 281, 22 P. (2d) 990, that, as the county treasurer's deed, after the period of redemption from a sale for an irrigation district assessment, conveys to the grantee absolute title free from all incumbrances (Rem. Rev. Stat., § 7448 [P. C. § 3226]), and as lands owned by an irrigation district are exempt from general state and county taxes (Rem. Rev. Stat., § 7440 [P. C. § 3218]), a deed by the county to the irrigation district relieves the land of the lien of prior general taxes, which are an incumbrance; and that the legislature has the power to legislate out of existence a tax lien of any kind. Observing that the statute is so clear and free from ambiguity that it leaves no room for construction, we said:

"It is undoubtedly the rule that the state, through its legislature, may abolish or legislate out of existence a tax lien of any kind. *Gasaway v. Seattle,* 52 Wash. 444, 100 Pac. 991, 21 L. R. A. (N. S.) 68. Not only did the legislature, by § 7448, specifically provide that the deed passed an absolute title, but with the resulting effect of that statute constantly before it from the time of its enactment in 1890, it passed the law of 1927 exempting lands owned by irrigation districts from general state and county taxes. The legislature did not see fit to provide that the title conveyed by the deed should be subject to general taxes and other liens, as it did in cases of sales for unpaid local improvement assessments, Rem. Rev. Stat., § 9386, but made it absolute."

The deed given by the county to respondent district conveyed to the district absolute title free from all incumbrances, therefore the trial court correctly adjudged respondent district entitled to cancellation of all general taxes levied against each tract prior to the respondent district's acquisition of title thereto through foreclosure of delinquent irrigation district assessments. It logically follows, as the lands were

exempt from general state and county taxes while owned by the respondent district, that any of those tracts subsequently sold by the district to a stranger to the title, or to the former owner of the tract, were transferred free from the lien of prior general taxes.

The language of the statute is plain and unambiguous; it provides, as we held in *North Spokane Irrigation Dist. v. Spokane County, supra,* that the deed from the county to the district conveys the property free and clear of all incumbrances.

"The matter recited in the certificate of sale must be recited in the deed, and such deed duly acknowledged or proved is prima facie evidence that—

"First: That property was assessed as required by law;

"Second: The property was equalized as required by law;

"Third: That the assessments were levied in accordance with law;

"Fourth: The assessments were not paid;

"Fifth: At a proper time and place the property was sold as prescribed by law and by the proper officers;

"Sixth: The property was not redeeemed;

"Seventh: The person who executed the deed was the proper officer. Such deed, duly acknowledged or proved, is (except as against actual fraud) conclusive evidence of the regularity of all the proceedings from the assessments by the secretary, inclusive, up to the execution of the deed. The deed conveys to the grantee the absolute title to the lands described therein, free from all encumbrances, except when the land is owned by the United States or this state, in which case it is *prima facie* evidence of the right of possession." Rem. Rev. Stat., § 7448 [P. C. § 3226].

The statute makes the deed *prima facie* evidence of the truth of the recitals contained therein of compliance with the seven conditions precedent to issuance of the deed. The assumption of validity of the deed

follows from the presence therein of recitals of compliance with the seven statutory prerequisites. The rebuttal of those recitals by competent evidence was not sought by appellants. They made no effort to destroy the presumption of the deed's validity by establishing the fact that one of the essential steps was not taken. The only question under the facts is one of law, the effect of the deed upon title. Concededly, the deed is valid. It follows that the effect of the deed is, as the statute declares, to convey to the grantee named therein the property free and clear of all incumbrances.

We can not agree with appellants' position respecting the priority of the lien of general taxes. It is true that, so long as taxes and irrigation assessments are in the lien form, the general tax lien is superior. The question before us is not, however, one of priority of liens. If it were, it is enough to say that both the tax lien and assessment lien are creatures of statute and that the creator, the legislature, may legislate either or both out of existence. *North Spokane Irrigation Dist. v. Spokane County,* 173 Wash. 281, 22 P. (2d) 990; *Gasaway v. Seattle,* 52 Wash. 444, 100 Pac. 991, 21 L. R. A. (N. S.) 68. And this the legislature did by providing (Rem. Rev. Stat., § 7448 [P. C. § 3226]) that the deed from the county to the district conveyed the absolute title free from the tax lien.

Appellants next contend that Rem. Rev. Stat., § 7448 [P. C. § 3226], as interpreted by us in *North Spokane Irrigation Dist. v. Spokane County, supra,* is unconstitutional, in that it violates the provisions of our state constitution above quoted.

A complete answer to the argument is the exemption provision of our constitution reading as follows:

"Such property as the Legislature may by general laws provide shall be exempt from taxation. Property of the United States and of the state, counties,

school districts and other municipal corporations, and credits secured by property actually taxed in this state, not exceeding in value the value of such property, shall be exempt from taxation." Art. VII, § 2, as amended by the 14th Amendment.

The constitution expressly authorizes, in the same section (Art. VII, § 2, as amended by the 14th Amendment) invoked by appellants, exemption from taxation of "such property as the legislature may by general laws provide." If the legislature may, by general laws, exempt property, it may also, by general laws, relieve property from tax liens.

In *Richland Irrigation Dist. v. De Bow,* 149 Wash. 242, 270 Pac. 816, we held that the statute (Ch. 243, Laws of 1927, p. 373, § 1) exempting from taxation the property of irrigation districts was not unconstitutional as being special legislation because not including drainage and diking districts, since it applied to all irrigation districts, and in this sense is a general law, within the requirements of the constitution, Art. VII, § 2.

*Board of Com'rs of Woods County v. State,* 125 Okla. 287, 257 Pac. 778, 53 A. L. R. 1128, cited by appellants as sustaining authority, is distinguishable from the case at bar. While the constitution of Oklahoma provides that "the power of taxation shall never be suspended, surrendered or contracted away," it does not appear that the Oklahoma constitution empowers, as does our constitution, the legislature to exempt by general law property from taxation. We would not be inclined to follow the authority cited, for the reason that, tax liens being created by statute, not by the constitution, they may be abolished or legislated out of existence by the legislature. To destroy or terminate the lien, is not to surrender the power of

taxation. The correct rule is briefly stated, as follows, in the annotation appearing on page 1134, 53 A. L. R.:

"The right of the state to impair or postpone the lien on taxes by statute depends, in the following cases, upon whether or not such statute was in violation of some constitutional provision, general or otherwise, limiting the power of the legislature in that regard. Since a tax is a lien upon the property only by reason of a statute to that effect, it can hardly be doubted but that a statute impairing or postponing such a lien, and not in conflict with some constitutional provision, would be valid, notwithstanding dicta in some of the cases, as pointed out below to the effect that such a statute would be invalid on account of an inherent objection to the state devesting itself of its right of self-preservation through taxation."

See, also, *Fisher v. Brower,* 159 Ind. 139, 64 N. E. 614; *Asplund v. Alarid,* 29 N. Mex. 129, 219 Pac. 786; *State v. Montoya,* 32 N. Mex. 314, 255 Pac. 634.

Chapter 194, Laws of 1933, p. 928 (Rem. 1934 Sup., § 4346-1 [P. C. § 3288-1]), grants to irrigation districts the right to quiet title to property by an *in rem* proceeding. Section 3 of the act (Rem. 1934 Sup., § 4346-3 [P. C. § 3228-3]) provides for the foreclosure of all adverse claims and liens against the property, "except that of the county for taxes levied prior to the date the district acquired title." Appellants cite the foregoing as indicative of the legislative intent to preserve the lien of general taxes levied prior to the date of the district's acquisition of title through foreclosure of delinquent irrigation district assessments.

It may be that the legislature intended that such lien as the county had as security for unpaid taxes should not be lost by the district's proceeding to quiet title; that is, the title of the district, as against the county, was dependent upon the validity of the foreclosure deed. It may have been the opinion of the legislature

that the lien of taxes levied before the district's acquisition of title continued to exist after the county treasurer executed and delivered the foreclosure deed to the district. The interpretation of statutes is a judicial, not a legislative, function. With full knowledge of the effect of *North Spokane Irrigation Dist. v. Spokane County, supra,* the legislature met December, 1933, in special session, and did not amend Rem. Rev. Stat., § 7448. It can hardly be presumed, in view of the fact that the legislature left § 7448 as we had interpreted it, that our interpretation is not in accord with the legislative intent.

The first two causes of action, appellants concede, were correctly decided if we adhere—we do adhere thereto—to the views expressed in *North Spokane Irrigation Dist. v. Spokane County, supra.*

■ Intervener Zinser, owner of a tract when title thereto passed to the district, repurchased the tract under the provisions of Ch. 43, Laws of 1933, p. 257, § 8, Rem. 1934 Sup., § 7445 [P. C. § 3223], authorizing the directors of the district to sell such lands at any price and on any terms deemed by them to be for the best interests of the district. The pertinent provision of that section reads as follows:

"Notwithstanding anything in this act contained, the board of directors shall have authority, until March 1, 1935, to grant options to purchase or sell on deferred payment contracts or for cash, land acquired by deed on district assessment foreclosure, in such manner, at such price and upon such terms as they shall deem to be for the best interests of the district: *Provided,* That until March 1, 1935, redemption made within one year after deed as herein authorized shall be subject to any lease, option or contract sale previously made and the redemptioner shall be thereby subrogated to the district rights and shall be entitled to credit for any cash received by the district on account of any lease, option or sale, as the case may be, to the extent

but not in excess of the amount required to effect redemption, from which, however, shall be deducted any advances made by the district in connection with the property redeemed: *Provided, further,* That, until said March 1, 1935, within ten days after the date of the issuance of treasurer's deed, the owner or person entitled, prior to the issuance of said deed, to make redemption, shall have the exclusive right to make written application to the board of directors of the district to purchase the property described in said treasurer's deed.''

Appellants contend that, when the deed was delivered, the district's title thereto was subject to Zinser's right to repurchase same, and that such right of Zinser inhered in the title and continued to exist, notwithstanding any conveyance of absolute title to the district. The former owner is given, by the statute, no more than a preferential right during a period of ten days to purchase the land on the same terms as would control if the district were selling to a stranger. It can hardly be held, in view of the plain language of the statute, that a title which the district may sell on its own terms and at its own price, or even may at will refuse to sell, is anything less than an unincumbered and absolute title.

The next cause of action has to do with the right of intervener Desgranges to a cancellation of taxes against land acquired by the district and thereafter sold to Desgranges, who was the owner at the time the district acquired title to the land. The tract was reconveyed to Desgranges under the inadvertence or misfortune provision of Ch. 129, Laws of 1921, p. 455, § 19. The language of the statute applicable to this cause of action is, likewise, free from ambiguity. The former owner has no more than a right to a reconveyance if the district still retains title.

In view of our holding in *North Spokane Irrigation*

*Dist. v. Spokane County, supra,* and what is stated above, the judgment should be, and it is, in all respects affirmed.

BEALS, C. J., MAIN, MITCHELL, and STEINERT, JJ., concur.