[No. 25141. Department One. December 26, 1934.]

KIONA IRRIGATION DISTRICT *et al., Respondents,* v. BENTON COUNTY *et al., Appellants.*[1]

[1]Reported in 39 P. (2d) 394.

*Charles L. Powell,* for appellants Benton County et al.

*Walter V. Swanson* and *Wm. B. Bridgman,* for appellants Kelly et al.

*C. W. Fristoe* and *Stephen E. Chaffee,* for respondents.

BEALS, C. J.—The plaintiff Kiona Irrigation District, a municipal corporation, acquired title to a tract of land in Benton county by foreclosure of delinquent irrigation district assessments, the property having been deeded to the district October 13, 1933. On that date, certain unpaid general taxes were liens against the land, as were also drainage district assessments, some of which were delinquent, other installments not being due until one, two and three years after the date of the deed. In addition to the foregoing, there were outstanding certain bonds issued by Drainage Improvement District No. 4, Sub A, in the sum of $12,400, the property in question being located both in plaintiff irrigation district and in the drainage district just referred to.

In its complaint, plaintiff set forth three causes of action, asking: First, that the county treasurer be required to cancel on his records all general taxes against the property which were liens thereon at the time of the issuance of the deed to plaintiff; second, that all of the drainage district assessments both past

due and to become due be canceled; and third, that the right of the holders of the drainage district bonds to pursue any remedy which they might have against the land and the right of the county commissioners to levy a supplemental assessment thereon for the payment of the drainage district bonds be declared unavailable as against the property covered by plaintiff's deed.

After the commencement of the action, interveners, R. S. Kelly and Hattie E. Keck, filed their complaint in intervention, setting up that they were the owners of certain of the drainage district bonds and seeking to establish their rights as such bondholders to pursue their statutory remedies as against the land in suit. The trial court overruled demurrers to plaintiff's complaint, and sustained plaintiff's demurrer to defendants' answer. The parties having elected to stand upon their respective pleadings, the court entered judgment in plaintiff's favor, from which defendants and interveners appeal.

In the first place, it is contended that this court should overrule its position in the case of *North Spokane Irrigation District v. Spokane County,* 173 Wash. 281, 22 P. (2d) 990, and hold that the lien of general taxes is, in fact, superior to respondent's rights under its deed. The case last cited has been followed by subsequent decisions in *Yakima County v. Stephens,* 177 Wash. 601, 33 P. (2d) 93; *Grandview Irrigation District v. Yakima County,* 177 Wash. 703, 33 P. (2d) 94; and *Kennewick Irrigation District v. Benton County,* 179 Wash. 1, 35 P. (2d) 1109. These cases sustain respondent's position as to its first two causes of action concerning the general taxes and the drainage district assessments, and we do not feel called upon to again discuss the questions presented by appellants under their assignments of error based upon

rulings of the trial court concerning these two causes of action.

The question of interveners' rights as holders of drainage district bonds and the right of appellant county commissioners to levy any supplemental assessment to pay such bonds must now be considered.

██ The right to levy a supplemental assessment to pay outstanding bonds is conferred by Rem. Rev. Stat., § 4439-5, 4439-6 [P. C. §§ 1945-86d, 1945-86e], the last section cited reading as follows:

"If upon the foreclosure of the assessment upon any property the same shall not sell for enough to pay the assessment against it, or if any property assessed was not subject to assessment, or if any assessment made shall have been eliminated by foreclosure of a tax lien or made void in any other manner, the board of county commissioners shall cause a supplemental assessment to be made on the property benefited by the improvement, including property upon which any assessment shall have been so eliminated or made void, and against the county, cities and towns chargeable therewith in the manner provided for the original assessment, to cover the deficiency so caused in the original assessment.

"If by inadvertence or for any cause the assessment levied shall be found to be insufficient to meet the entire cost of construction, a supplemental assessment shall be made by the board of county commissioners upon the lands of the district in the same proportion as the original assessment is levied, same being spread over not to exceed three years as the commissioners may determine.

"Duplicate assessments or other errors that may by inadvertence be found to have been incorporated in the assessment-roll may be corrected by order of the county commissioners upon same being certified to them by the treasurer and the engineer."

Drainage district bonds such as those with which we.are here concerned do not constitute statutory liens upon the property of the district. Neither do they pur-

port to create a claim against any specific land. This court has held that the bonds of an irrigation district constitute a general corporate obligation, and that all lands within the district are subject to taxation for the payment of the entire obligation. *Roberts v. Richland Irrigation District*, 169 Wash. 156, 13 P. (2d) 437.

The supplemental assessment which the county commissioners may levy pursuant to Rem. Rev. Stat., § 4439-6, is not a re-imposition of the assessment which has been canceled against respondent's land, but may be levied because of the shortage found to exist because of different causes operating to render the amounts realized from the original assessment insufficient to pay the bonds. The matter of the levy of such an assessment was before this court in the case of *Boyd v. Cunningham,* 164 Wash. 335, 2 P. (2d) 647. No such supplemental assessment was in being at the time of the issuance of the deed to respondent, and to hold that the mere right to levy such a supplemental assessment has been barred by the proceedings leading up to respondent's deed would be to extend the doctrine of the *North Spokane Irrigation District* case to embrace an element not included therein.

In support of its contention that respondent was entitled to the relief sought in its third cause of action, respondent cites *Ballard v. Ross,* 38 Wash. 209, 80 Pac. 439. In that case, it appeared that, by an ordinance passed October 6, 1891, the city of Ballard provided for the improvement of one of its streets. March 31, 1903, a second ordinance was passed reciting the completion of the improvement, the levy of an assessment against property benefited, and the fact that this assessment had been declared invalid by a decision of this court. The ordinance then proceeded to levy a re-assessment upon the property benefited to defray the cost of the improvement, the action being brought

to foreclose the lien of the re-assessment. The defendants, being the owners of a lot re-assessed under the second ordinance, answered the city's complaint, denying the material allegations thereof and affirmatively alleging that a judgment foreclosing a certificate of delinquency for general taxes against their property had been entered in the superior court June 19, 1901, and that a county treasurer's deed had been issued a few weeks following, conveying the property to one of the defendants in the city's foreclosure action. The answer continued by alleging that, if the improvement and assessment mentioned in the city's complaint had, in fact, been made, they were so made and the assessment was outstanding prior to the foreclosure of the general tax delinquency certificate, and that the lien for such taxes was superior to the lien of the city's special assessment.

The city's demurrer to this affirmative defense was sustained, and after a trial on the issues raised on plaintiff's complaint, judgment was entered in favor of the city, from which the defendants appealed. This court held that the affirmative defense, if true, constituted a complete defense to the city's action, and reversed the judgment with instructions to overrule the city's demurrer and proceed with the trial.

The re-assessment which was the basis of the plaintiff's action in the case cited was not comparable to the supplemental assessment referred to in respondent's third cause of action herein. It was the only assessment levied against the property in suit on account of the improvement which was the basis thereof. This court simply held that the facts affirmatively pleaded by the property owners, if true, constituted a defense to the city's action. Here we hold that the

original assessment has been barred by the foreclosure through which respondent claims title. The case cited is not controlling as to the question now before us.

Respondent also cites the case of *Mullen Benevolent Corporation v. United States*, 290 U. S. 89, 54 S. Ct. 38, in which it was held that a municipal corporation of Idaho could not maintain an action against the United States for a balance due on improvement district bonds, the land within the assessment district having been acquired by the United States under the reclamation act of June 17, 1902. The supreme court held that the bonds in question were not a general lien on the lands in the district, and that, save through an assessment levied to pay the same, they constituted no special lien on any particular tract therein. The United States having acquired the lands, no lien existing thereon when the purchase by the United States was consummated, no re-assessment could thereafter be levied against the land, and no liability existed against the United States under the "Tucker Act" requiring payment of any amount which might remain due on the bonds.

It appears from the opinion that, as the United States acquired title to each separate tract of land which it took over, all existing liens and assessments against such tract were paid. As the outstanding bonds constituted no lien upon any land in the district until some supplemental assessment was levied on account thereof, the acquisition of the land by the government prior to the levy of such an assessment defeated the right to thereafter make such a levy or to assert any claim against the United States based upon any unpaid bonds to pay which such an assessment might have been levied. Of course, land acquired

by the United States is not subject to taxation by the state or any agency thereof.

Here a different question is presented, the land having been acquired by a municipal corporation created by the state, the claim herein sought to be barred being that existing in favor of another similar municipal corporation.

We find no statute which supports respondent's contention based upon its third cause of action, and to sustain the judgment in that regard would amount to an unwarranted extension of the doctrine of the case of *North Spokane Irrigation District v. Spokane County, supra,* which doctrine we should extend no farther than the law requires.

The judgment appealed from is reversed, with instructions to the trial court to sustain appellants' demurrer to respondent's third cause of action.

TOLMAN, MAIN, MILLARD, and BLAKE, JJ., concur.