[No. 26103. Department Two. April 20, 1936.]

LINDSAY IRRIGATION DISTRICT, *Respondent,* v. CLALLAM COUNTY, *Appellant.*[1]

[1]Reported in 56 P. (2d) 996.

66

*Joseph H. Johnston* and *John M. Wilson,* for appellant.

*J. W. Lindsay,* for respondent.

*Fred J. Cunningham, Stephen E. Chaffee,* and *Moulton & Powell, amici curiae.*

BEALS, J.—Plaintiff, a regularly organized irrigation district, instituted this action against Clallam county and other persons claiming an interest in the property described in plaintiff's complaint, for the purpose of quieting its title to the land described in certain deeds issued to it by the treasurer of Clallam county, pursuant to statutory proceedings instituted by plaintiff for the purpose of foreclosing liens based upon irrigation assessments. Plaintiff also prayed for a decree canceling tax liens against the property covered by its deeds, based upon taxes levied by Clallam county against the lands conveyed to it as above set forth. From a decree quieting plaintiff's title to lands described in its deeds and canceling the liens

claimed by Clallam county thereon under its general tax levy, Clallam county has appealed.

■■ The only question argued by appellant is the sufficiency of the deeds issued by the county treasurer to respondent, appellant contending that these deeds do not comply with a statutory requirement and that they are consequently void, and that the trial court erred in quieting respondent's title thereunder and in canceling the lien of taxes on the property covered thereby.

The statutory procedure governing the establishment and operation of irrigation districts is found in Rem. Rev. Stat., § 7417 [P. C. § 3197] *et seq.* The levy and collection of irrigation assessments is provided for by § 7436 [P. C. § 3214] *et seq.;* § 7441 [P. C. § 3219] providing that the assessments shall be liens upon the real property assessed; § 7442 [P. C. § 3220] providing for the collection of the assessments; and §§ 7443 to 7448 [P. C. §§ 3221 to 3226], both inclusive, providing for the foreclosure of unpaid and delinquent assessments and the issuance of deeds in proper cases. Section 7447 [P. C. § 3225] covers the matter of redemption from foreclosure, and then provides:

"If the property is not redeemed within one year from the sale the county treasurer of the county in which the land sold is situated must make to the purchaser, or his assignees a deed of the property, reciting in the deed substantially the matters contained in the certificate, and that no person redeemed the property during the time allowed by law for its redemption. . . ."

Section 7448 [P. C. § 3226], referring to deeds to be issued by the county treasurer, commences as follows:

"The matter recited in the certificate of sale must

be recited in the deed, and such deed duly acknowledged or proved is prima facie evidence that—

"First: That property was assessed as required by law; . . ."

The subsequent amendment of some of the sections referred to by chapter 43, Laws of 1933, p. 248, need not here be considered.

In the cases of *North Spokane Irr. Dist. v. Spokane County*, 173 Wash. 281, 22 P. (2d) 990; *Yakima County v. Stephens*, 177 Wash. 601, 33 P. (2d) 93; *Kennewick Irr. Dist. v. Benton County*, 179 Wash. 1, 35 P. (2d) 1109; and *Kiona Irr. Dist. v. Benton County*, 180 Wash. 197, 39 P. (2d) 394, this court held that a county treasurer's deed to an irrigation district extinguishes the lien of the county for general taxes. Appellant concedes this to be the law, but attacks the deeds under which respondent's title was quieted as against it, contending that these deeds do not in form comply with the statute, and that consequently respondent received no title to the property covered thereby. Appellant demurred to respondent's complaint, and upon its demurrer being overruled answered, pleading, *inter alia,* the invalidity of the deeds. On the trial, appellant objected to the introduction of the deeds in evidence, and has at all times urged that the instruments are in form so defective as to be void.

Appellant relies upon that portion of § 7448 [P. C. § 3226], *supra,* which provides that "the matter recited in the certificate of sale must be recited in the deed." Section 7445 [P. C. § 3223] provides, among other things, that,

"After receiving the amount of assessments and costs, the county treasurer must make out in duplicate a certificate, dated on the day of sale, stating (when known) the names of the persons assessed, a description of the land sold, the amount paid therefor,

that it was sold for assessments, giving the amount and the year of assessment, and specifying the time when the purchaser will be entitled to a deed. . . ."

from which appellant argues that a valid certificate must state (1) the name of the person assessed (when known), (2) a description of the land sold, (3) the amount paid therefor, (4) that it was sold for assessments, and (5) the amount and year of assessment.

It is admitted that the deeds upon which respondent relies did not in all respects comply with the requirements of § 7448 [P. C. § 3226], in that they did not contain all of the matters which the law provides must be stated in the certificate provided for by § 7445 [P. C. § 3223], particularly as to requirements (1) and (5) of the preceding paragraph.

In so far as this court is concerned, the question argued is one of first impression, and the question is, of course, of considerable importance. In view of Laws of 1935, chapter 101, p. 249 (Rem. 1935 Sup., §§ 7448, 7448½ [ P. C. § 3226]), which provides that the county shall receive its *pro rata* share of the proceeds of the sale of lands, under circumstances such as are here shown, the question of the validity of respondent's deeds as of the date delivered is important, as subsequent deeds, unless issued under judicial order *nunc pro tunc,* would leave open the question of the county's right to a share of the proceeds of the property.

It is conceded that the deeds upon which respondent relies do not in all respects comply with § 7448 [P. C. § 3226], *supra,* in that they do not include all the matter recited in the certificates of sale. The question to be decided is whether it should be held that a substantial compliance with the statute is sufficient, or whether the use of the word "must" in § 7448 [P. C. § 3226] requires a strict construction.

Sections 7447 and 7448 [P. C. §§ 3225, 3226] present a curious inconsistency. The former section provides for the issuance of the deed, if the property is not redeemed within a year from the sale. The county treasurer "must" then make the deed, which shall recite "substantially the matters contained in the certificate." The basic law governing the making of the deed and the consequent final divesting of the old title and the initiation of the new is found in this section, which is complete and comprehensive. If the following section did not exist, the one last referred to would be sufficient to complete the assessment foreclosure and establish the new title. Section 7448 [P. C. § 3226] provides that the deed, when duly acknowledged or proved, is *prima facie* evidence of certain things, and must contain the matter recited in the certificate of sale. The latter section was enacted in 1890 (L. 1890, p. 687, § 30), and was reenacted in 1895 (L. 1895, p. 445, § 17). Section 7447 [P. C. § 3225] is a much later enactment. The two sections, of course, must be construed together; and, in so far as the sections are in conflict, the later act should be given greater weight, both as the basic law governing the issuance of the deed and as the last indication of the legislative intent.

Section 7445 [P. C. § 3223] expressly provides that,

". . . in case of a sale to a person or a district, of more than one parcel or tract of land, the several parcels or tracts may be included in one certificate,"

and § 7447 [P. C. § 3225] contains the following:

". . . when any person or district holds a duplicate certificate covering more than one tract of land, the several parcels, or tracts of land, mentioned in the certificate may be included in one deed."

Appellant's counsel in their brief attack the deeds to respondent as deficient, in that they fail to include

the name of the person to whom the land was assessed, if known, and the amount and year of the assessment. It is not contended that the certificates issued were in any respect irregular or insufficient.

Of course, a deed, if valid, finally terminates the preexisting title and vests a new title in the grantee. While a lengthy period of redemption exists after the issuance of the certificate, such period is terminated finally by the delivery of a valid deed. In so far as the form of the deed is concerned, there is no question of notice to the property owner. The deed is merely the final and definite step in the divesting of his title. It is not contended that any attempt was ever made by any person interested to redeem from the foreclosure proceedings any of the property which is the subject matter of this action.

Generally speaking, statutes providing for the sale of real property for delinquent taxes or assessments must be strictly followed, in order to effect a valid sale. In this case, no question is raised as to any portion of the proceedings, save the final step—the issuance of the deed—and on this point the objection is one of form merely. The making of such a deed is purely a ministerial function. *Diamond v. Turner,* 11 Wash. 189, 39 Pac. 379; *France v. Deep River Logging Co.,* 79 Wash. 336, 140 Pac. 361, Ann. Cas. 1916A, 238; *State ex rel. Friedlander v. Dunning,* 132 Wash. 622, 233 Pac. 8.

The authority of the treasurer in the premises is not exhausted by the issuance of a defective deed. If such a deed be delivered, under ordinary circumstances, it is the duty of the officer to deliver a correct one. Whether or not the property might meanwhile be subject to redemption, is another question, with which we are not here concerned.

This court has for many years liberally con-

strued statutes providing for the sale of property for taxes. In the case of *Spaulding v. Adams County,* 79 Wash. 193, 140 Pac. 367, the court said:

"We are aware that the older rule was to construe the taxing statutes strictly. Tax titles were once proverbially worthless. This court has not, however, followed this rule. It is not necessary to set forth the decisions here, but a most cursory examination of the reports of our adjudicated cases will show that such statutes have been given a liberal interpretation, and that we have upheld the action of the taxing officers in all cases where the substance and spirit of the statute has been pursued, even though there may have been a departure from its strict letter. We think now that this is the better policy."

The cases of *Spokane Terminal Co. v. Stanford,* 44 Wash. 45, 87 Pac. 37; *Larson v. Murphy,* 105 Wash. 36, 177 Pac. 657; *Colby v. Himes,* 171 Wash. 83, 17 P. (2d) 606; *Cowlitz County v. Jurmu,* 177 Wash. 492, 32 P. (2d) 528, are to the same effect. This principle should be followed in construing the statute here in question. No good reason exists for following any different or more technical rule in this case.

It should be noted that § 7450 [P. C. § 3228] provides that, when land is sold for irrigation assessments correctly imposed,

". . . as the property of a particular person, no misnomer of the owner or supposed owner, or other mistake relating to the ownership thereof, affects the sale or renders it void or voidable."

This section indicates a legislative intent that the law need not always be strictly followed in foreclosures.

Section 7447 [P. C. § 3225], strictly construed, divests the title of the owner at the expiration of the redemption period, whether the deed be forthwith issued or not. By the 1933 amendment of this section,

redemption is permitted at any time before the deed is issued. The amendatory section also delays the issuance of the deed until demand made by the owner of the certificate of sale.

Respondent cites certain cases decided by the supreme court of Idaho, which support its contention. Curiously enough, §§ 1763 and 1764 of the Revised Code of Idaho (1908), a portion of the tax foreclosure law, follow closely the two sections of our statute now before us for construction. The first of the two sections of the Idaho code provides for the issuance of a deed reciting ''substantially the matters contained in the certificate,'' while the next section commences:

''The matters recited in the certificate of sale must be recited in the deed, and such deed duly acknowledged or proved is prima facie evidence,'' etc.

In the case of *White Pine Mfg. Co. v. Morey,* 19 Ida. 49, 112 Pac. 674, the supreme court of Idaho said:

''It is worth while to observe that secs. 1764 and 1763 must be construed together. Sec. 1764 says, among other things, 'that the matters recited in the certificate of sale must be recited in the deed,' while sec. 1763 says, 'If the property is not redeemed within three years from the date of sale, the assessor or *ex-officio* tax collector . . . must make to the purchaser or the other person lawfully entitled thereto, upon demand by him, a deed to the property, reciting in the deed substantially the matters contained in the certificate.' It will therefore be seen that sec. 1763 recognizes the substance instead of the form, and authorizes the officer to make a deed containing 'substantially the matters contained in the certificate.' Sec. 1764, when construed in the light of the previous section, cannot be said to require a literal or *verbatim* copy of the certificate embodied in the deed. It has been accordingly held that not all the provisions of the statute with reference to the assessment of property and the sale for taxes are mandatory, but that,

on the contrary, some of those provisions are only directory.''

In the later cases of *McGowan v. Elder,* 19 Ida. 153, 113 Pac. 102, and *Armstrong v. Jarron,* 21 Ida. 747, 125 Pac. 170, the Idaho court followed the principle laid down in the earlier decision. While the questions presented in the cases cited were not the same as that presented here, much of the reasoning of the court in reaching its conclusions is in point in the case at bar.

Appellant cites other authorities, from which it appears that the supreme court of California has construed the tax foreclosure laws of that state strictly, and has adopted a rule very similar to that for which appellant here contends.

This court, over a long period of years, has adopted a liberal construction of tax foreclosure statutes. Construing §§ 7447 and 7448 [P. C. §§ 3225, 3226] together, we hold that a deed such as those now before us, which recites substantially the matters contained in the certificate of sale, is sufficient. We are clearly of the opinion that the deeds relied upon by respondent contain substantially the requisite recitals, and the trial court did not err in holding them sufficient and in quieting respondent's title thereunder.

The decree appealed from is accordingly affirmed.

MILLARD, C. J., BLAKE, TOLMAN, and HOLCOMB, JJ., concur.