66 P.3d 664 (2003)
WILLOWBROOK FARMS LLP, a Washington limited liability partnership, Respondent,
v.
DEPARTMENT OF ECOLOGY, Appellant.
No. 21022-7-III.
Court of Appeals of Washington, Division 3, Panel One.
April 10, 2003.
*666 Maia D. Bellon, Assistant Attorney General, Ecology Division, Olympia, WA, for Appellant.
Jeffrey D. Slothower, Ellensburg, WA, for Respondent.
*665 SWEENEY, J.
In 1967 the legislature enacted the water rights registration and relinquishment act (chapter 90.14 RCW), also referred to as the water rights claim registration act. The act required that those claiming water rights predating the 1917 water code register those claims with the Department of Water Resources (Department of Ecology's predecessor) by filing their claim with the Department. Former RCW 90.14.041 (1969). Any claims not filed before July 1974 were waived. RCW 90.14.071. RCW 90.14.065 (passed in 1987) allows amendments to a water rights claim for, among other things, a ministerial mistake.
Willowbrook Farms' predecessor in interest, Paul Harrel, mistakenly claimed a water right to less than his full acreage entitlement. The question here is whether that mistake was "ministerial" and therefore subject to amendment. We conclude that it was and affirm the trial judge's ruling to that effect.

FACTS
In 1973, Paul Harrel filed a water rights claim on a state form. He set out his "place of use" for irrigation of land as the southwest quarter of section 14, township 19 north, range 17 E.W.M. But this is only a portion of the land Mr. Harrel actually irrigated.
During a later water rights adjudication (the Acquavella litigation), Willowbrook Farms, Mr. Harrel's successor, discovered that the legal description for the "place of use" designated in the claim form was not fully included in Mr. Harrel's original claim form. So the Acquavella court denied that portion of Willowbrook's claim not included in the original claim form.
Willowbrook amended the claim form to add the omitted quarter section. Ecology rejected the amendment. It concluded that because it was neither a typographical nor a clerical error, it did not qualify as ministerial, and did not then fall within the statutory exception.
Willowbrook appealed to the Pollution Control Hearings Board.[1] Willowbrook and Ecology both moved for summary judgment. Mr. Harrel explained the circumstances:
At the time [the claim] form was completed by me, I was unable to get out in the fields in question because I was recovering from a farm accident in which I lost a portion of my right leg. I filled these forms out using air photos of my farm that I had. I intended, when I filled out the 90.14 claim, to claim all the land I was irrigating with Fogey Creek water. Fogey Creek water is not a primary right. The Fogey Creek natural flow ends in May of each year and after that, water from the Kittitas Reclamation District and the Taneum Canal is transported via Fogey Creek to various diversions [sic] points on our property.
The Southwest quarter of § 14, Township 18 North, Range 17 E.W.M. is a place of use of Fogey Creek. In addition, Fogey Creek water is used in the Southeast quarter of § 14, Township 18 North, Range 17 E.W.M. The property irrigated is encompassed in one large field and has historically been irrigated out of Fogey Creek using Fogey Creek natural flow, KRD and Taneum Canal Company water. There are no fence lines or other identifying marks that identify section lines within the field. Fogey *667 Creek runs through the property and separates the fields.
I mistakenly and inadvertently left off a quarter section on Water Right Claim Form 024277. The correct place of use, which I understood must be identified with reasonable certainty is the SW and the SE ¼ of Section 14. The form only identifies the SW ¼ of Section 14. This was an error on my part.
Pollution Control Hearings Board Administrative Record (AR) 12 at 2.
The Board granted Ecology's motion, and rejected Willowbrook's attempt to amend. It concluded "the term `amendments that are ministerial in nature' under RCW 90.14.065(3) does not include amendment to correct errors made by [Willowbrook] and the Department of Ecology in describing the place of use on the original claim form." AR 2.
Willowbrook appealed to the Kittitas County Superior Court. Judge Michael E. Cooper reversed. He concluded that the amendment was ministerial in nature and therefore fell within the terms of RCW 90.14.065(3).

DISCUSSION
MINISTERIAL AMENDMENT
The Department of Ecology argues that "ministerial" means clerical or typographical errors, and does not include any exercise of discretion or personal judgment. And here, Mr. Harrel deliberately wrote down a specific legal description-the mistake was not therefore ministerial. It was a choice; an erroneous choice, but nonetheless a choice.
Scope and Standard of Review. The Administrative Procedure Act, chapter 34.05 RCW, restricts our review to the administrative record before the board. RCW 34.05.558; Postema v. Pollution Control Hearings Bd., 142 Wash.2d 68, 76-77, 11 P.3d 726 (2000). We sit in the same position as the superior court when reviewing this board decision. Id. at 77, 11 P.3d 726. The findings of fact and conclusions of law entered by the superior court are superfluous because we review the same record. Valentine v. Dep't of Licensing, 77 Wash.App. 838, 844, 894 P.2d 1352 (1995).
Ecology's action here is subject to reversal if the agency has erroneously interpreted or applied the law, the agency's order is not supported by substantial evidence, or the agency's decision is arbitrary and capricious. RCW 34.05.570(3); Postema, 142 Wash.2d at 77, 11 P.3d 726. The question here is one of law,[2] and specifically one of statutory interpretation: what does "ministerial" mean in this statutory scheme?
We review de novo the agency's legal conclusions. RCW 34.05.570(3)(c), (d); City of Redmond v. Cent. Puget Sound Growth Mgmt. Hearings Bd., 136 Wash.2d 38, 45, 959 P.2d 1091 (1998). We defer to the agency's interpretation of the law where the agency has special expertise in the relevant field. Id. But we are not bound by the agency's interpretation. Id. And we may substitute our interpretation of the law for that of the agency. Postema, 142 Wash.2d at 77, 11 P.3d 726.
Here, the questionwhat is ministerial when filing a required government form-is not something requiring the expertise of an administrative board. Pub. Util. Dist. No. 1 of Pend Oreille County v. Dep't of Ecology, 146 Wash.2d 778, 790, 51 P.3d 744 (2002). Interpreting the meaning of statutory language is something we dode novofrequently. Dep't of Ecology v. Campbell & Gwinn, 146 Wash.2d 1, 9, 43 P.3d 4 (2002). We retain ultimate authority to interpret a statute. Waste Mgmt. of Seattle, Inc. v. Utils. & Transp. Comm'n, 123 Wash.2d 621, 627, 869 P.2d 1034 (1994).
THE STATUTORY SCHEME
Our fundamental objective here is to ascertain and carry out the legislature's intent. And if the statute's meaning is plain on its face, we give effect to that plain meaning. Campbell & Gwinn, 146 Wash.2d at 9-10, 43 P.3d 4.
RCW 90.14.065 reads:

*668 Any person or entity, or successor to such person or entity, having a statement of claim on file with the water rights claims registry on April 20, 1987, may submit to the department of ecology for filing, an amendment to such a statement of claim if the submitted amendment is based on:
(1) An error in estimation in the quantity of the applicant's water claim prescribed in RCW 90.14.051 if the applicant provides reasons for the failure to claim such right in the original claim;
(2) A change in circumstances not foreseeable at the time the original claim was filed, if such change in circumstances relates only to the manner of transportation or diversion of the water and not to the use or quantity of such water; or
(3) The amendment is ministerial in nature.

The department shall accept any such submission and file the same in the registry unless the department by written determination concludes that the requirements of subsection (1), (2), or (3) of this section have not been satisfied.
(Emphasis added.) Neither subsection (1) nor (2) apply here. And neither "ministerial" nor "ministerial in nature" is defined. So we look to the overall statutory scheme. See Campbell & Gwinn, 146 Wash.2d at 9-12, 43 P.3d 4.
Our analysis here is easily set in the broader context of this statutory scheme.
RCW 90.14.910 requires that we liberally construe the act to effect its purpose. And the purpose of the act "is to provide adequate records for efficient administration of the state's waters, and to cause a return to the state of any water rights which are no longer exercised by putting said waters to beneficial use." RCW 90.14.010.
MINISTERIAL ACT
Black's Law Dictionary 1011 (7th ed.1999) defines "ministerial" as "[o]f or relating to an act that involves obedience to instructions or laws instead of discretion, judgment, or skill." An act is ministerial if the individual is performing a duty that is mandatory for the person to perform and there is no discretion in how that act is performed. Burg v. City of Seattle, 32 Wash. App. 286, 290-91, 647 P.2d 517 (1982). The duty must be defined so precisely as to leave nothing to the exercise of discretion or judgment. City of Bothell v. Gutschmidt, 78 Wash.App. 654, 662-63, 898 P.2d 864 (1995).
For example, when a potential buyer has taken all steps necessary for the purchase of real property for delinquent assessments, the making of the deed is a ministerial act. See Lindsay Irrig. Dist. v. Clallam County, 186 Wash. 65, 70-71, 56 P.2d 996 (1936). The insertion of a name or other item in a document is a ministerial act if insertion is mandatory. Id. at 71, 56 P.2d 996. If a ministerial act is performed improperly, such as by failing to insert a name in a document when required to do so, or by inserting an incorrect name, there is a duty to correct the error. Id. The correction of the error is itself a ministerial act. Id.
So for us to conclude that Mr. Harrel's error was ministerial we would have to conclude that the error was not one of judgment. That is that he elected to claim only a portion of the 100-acre field that he was actually irrigating. But if this were so, his water claim would be incorrect in other ways. He would not really be irrigating the number of acres stated in the claim nor would he have a valid claim for the amount of water he claimed to be using. He would then, arguably, be subject to criminal sanctions for overstating his use. See RCW 90.14.121 (making it a misdemeanor to "knowingly provide[] for an overstatement of a right either in quantities of water or times of use").
This is not then an error in judgment, and by logical necessity it is a clerical error. The field Mr. Harrel intended to claim a right for is otherwise correctly identified by both the acreage and the quantity of water. The field was located in two separate quarter sections. Mr. Harrel is not trying to retroactively add an entire quarter section. Nor does he irrigate the entire quarter section he set forth on his claim.
His amendment corrects the legal description for a particular field that he thought he *669 had properly claimed in 1973. He thought the field was completely situated within the quarter section he claimed. Only the legal description is incorrect. And that is what he seeks to amend. That is ministerial.
OTHER WATER RIGHTS STATUTES
Our interpretation fits nicely with the broader statutory scheme here. See C.J.C. v. Corp. of Catholic Bishop of Yakima, 138 Wash.2d 699, 708, 985 P.2d 262 (1999) (when statutory language is clear and unambiguous, its meaning is derived from its language alone; court construes an act as a whole, giving effect to all the language used, with related statutory provisions interpreted in relation to one another).
RCW 90.14.065(1) allows an amendment of estimated water quantitya legislative acknowledgment that the claim form may include imprecise information. The applicant need only explain the mistake to qualify for an amendment. A mistake then in the estimated quantity of water claimed does not absolutely bar the claim.
And the claim statute only provides that "[t]he statement of claim for each right shall include substantially the following: ... (4) The legal description, with reasonable certainty, of the point or points of diversion and places of use of waters." RCW 90.14.051 (emphasis added). Again, inexact or incomplete information seems to be legislatively contemplated.
Moreover, the claim statute refers to the content requirements as a "short form." The statement of claim is abbreviateda "notice-type" document. It should not then be unexpected that the completed claim form fails to be exact, specific, or perfect. And amendments resolve these imperfections. See also Dep't of Ecology v. Adsit, 103 Wash.2d 698, 694 P.2d 1065 (1985) (holding that substantial compliance doctrine may be applied to meet requirements of the water rights act), cited with approval in Williamson, Inc. v. Calibre Homes, Inc., 147 Wash.2d 394, 404 n. 3, 54 P.3d 1186 (2002).
Ecology also invites us to apply the statutory construction canon of ejusdem generis. Under the rule of ejusdem generis, where a general word or phrase follows a list of specific and particular persons or things, the general word or phrase will be interpreted to include only persons or things of the same type or class as those listed. Cockle v. Dep't of Labor & Indus., 142 Wash.2d 801, 808, 16 P.3d 583 (2001). "`In other words, the precise terms modify, influence or restrict the interpretation or application of the general terms where both are used in sequence or collocation in legislative enactments.' " Simpson Inv. Co. v. Dep't of Revenue, 141 Wash.2d 139, 156, 3 P.3d 741 (2000) (quoting State v. Thompson, 38 Wash.2d 774, 777, 232 P.2d 87 (1951)); see also Nat'l Elec. Contractors Ass'n v. Riveland, 138 Wash.2d 9, 24, 978 P.2d 481 (1999) (citing Waste Mgt., 123 Wash.2d at 630, 869 P.2d 1034); Davis v. Dep't of Licensing, 137 Wash.2d 957, 970, 977 P.2d 554 (1999). But to employ this canon, we would have to find that subsections (1) and (2) identify a "class" of amendments. And here none exist.
The Board here held that the source of water was a fundamental aspect of a water right. It therefore concluded that to allow a change in the source would convey "much broader authority for amendment than the specifically identified terms and conditions specified in RCW 90.14.065(1) and (2)." Clerk's Papers at 32. But this argument speaks to the consequences of the mistake Mr. Harrel made, not the inherent nature of the mistake itselfi.e., whether it was one of judgment or ministerial.
HOLDING
The judgment of the superior court reversing the Pollution Control Hearings Board is affirmed.
I CONCUR: KATO, J.
BROWN, C.J. (dissenting).
While I agree Paul Harrel had, when exercising his discretion in 1973, a duty to truthfully fill out the original claim form, it does not follow that his mistaken exercise of judgment at that time amounts to a ministerial error contemplated under RCW 90.14.065(3). Mr. Harrell's exercise of discretion regarding the place of use for the water, based upon *670 this record of his efforts at the time to correctly determine place of use, is fairly taken as an exercise of considered judgment, not a ministerial act relating to a typographical or clerical error. The 1973 claim form responses represent studied decisions under the circumstances. I would reverse.
Accordingly, I respectfully dissent.
NOTES
[1] See RCW 90.14.065 (providing for review of Ecology determinations by filing a petition for review with the pollution control hearings board).
[2] In re Det. of Williams, 147 Wash.2d 476, 486, 55 P.3d 597 (2002).