[No. 12378.  In Bank. — January 30, 1888.]

ROSINA BERNIAUD, BY J. M. HOGAN, HER GUARDIAN AD LITEM, RESPONDENT, *v.* J. L. BEECHER, APPELLANT.

APPEAL FROM JUDGMENT AND ORDER REFUSING NEW TRIAL — UNDERTAKING — OMISSION TO RECITE APPEAL FROM ORDER — DISMISSAL. — Where an appeal is taken from the judgment and from an order refusing a new trial, and but one undertaking on appeal is filed, the appeal from the order is ineffectual and will be dismissed, if the undertaking omits to recite the appeal from the order.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order refusing a new trial.

Motion to dismiss appeal. The notice of the appeal in question, and the undertaking referred to in the opinion, were filed on the 31st of August, 1887. After discovering the defect in the undertaking, on the 9th of November, 1887, the appellant executed another undertaking on the appeal from the order refusing a new trial, and after its approval by one of the justices of the

supreme court, he filed the same in that court. The further facts are stated in the opinion of the court.

*J. A. Louttit, S. D. Woods,* and *A. L. Levinsky,* for Appellant.

The motion should be denied because the appellant has filed a good and sufficient undertaking as authorized by section 954 of the Code of Civil Procedure. The right of the appellant to file such undertaking, under a statute almost identical with section 954, was upheld in the case of *Bomheimer* v. *Baldwin,* 38 Cal. 671.

*L. W. Elliott,* and *John C. Byers,* for Respondent.

The COURT.—Motion to dismiss appeal from an order denying a new trial.

In this cause there is a notice of appeal from the judgment, and from the order denying a motion for a new trial.

In the undertaking on appeal there is no recital that an appeal has been taken from the order. The undertaking only states that an appeal from the judgment has been taken.

The motion to dismiss the appeal from the order is made on the ground that the appeal is not recited in the undertaking on appeal, and therefore the undertaking is not sufficient.

In our judgment the undertaking is insufficient. Though we have held that but one undertaking on appeal is required when the appeal is from the judgment and an order denying a new trial, we cannot hold the undertaking on appeal from the order is sufficient, when no statement that such appeal has been taken is made in the undertaking.

The act of 1861, referred to by defendant, is not in force since the adoption of the Code of Civil Procedure.

The appeal from the order denying a new trial must be dismissed, and it is so ordered.