[No. 2181]

STATE OF NEVADA, EX REL. W. K. FREUDEN-BERGER, PETITIONER, *v.* GEORGE A. COLE, AS CONTROLLER OF THE STATE OF NEVADA, RESPONDENT.

[151 Pac. 944]

1. STATUTES—AMENDMENT—CONSTITUTIONAL PROVISIONS.
    By direct provision of Const. art. 4, sec. 17, the legislature cannot amend an act by reference to its title only, but must reenact and publish at length the act as revised or amended.

2. STATUTES—AMENDMENT—CONSTITUTIONAL PROVISIONS.
    Rev. Laws 1912, p. 1283, entitled "An act making the railroad commission * * * ex officio a public service commission for the regulation and control of certain public utilities," etc., in section 16 provides that the commission shall have authority to employ an expert engineer at a salary of $3,600 per annum and traveling expenses. Relator was so employed, but after the enactment of Stats. 1913, c. 261, entitled "An act regulating the salaries of certain state officers," and providing that the annual salary of the chief engineer of the public service commission shall be $2,500, the state controller refused to draw his warrant in relator's favor at the rate of $3,600 a year, but only at the rate of $2,500. Relator sought *mandamus*, contending that the act of 1913, as an act amending the public service act, violated Const. art 4, sec. 17, providing that each law enacted by the legislature shall embrace but one subject and matter properly connected therewith, which shall be briefly expressed in the title, and that no law shall be revised or amended by reference to its title only, but in such case the act as revised or section as amended shall be reenacted and published at length. *Held*, that the act of 1913 was valid, it not purporting to be an amendatory act, but clearly an independent act complete in itself, which was not embraced in the constitutional requirement, and might alter the prior statute without referring to it.

ORIGINAL PROCEEDING. *Mandamus* by the State, on the relation of W. K. Freudenberger, against George A. Cole, State Controller. Respondent demurs to the petition. **Demurrer sustained.**

*William Forman,* for Petitioner:

The act of the legislature of 1913, upon which the state controller bases his authority for drawing petitioner's warrant at the reduced salary of $2,500 a year, is unconstitutional, being violative of section 17, article 4, of the state constitution. The act is in no sense a supplemental act, nor does it relate to the same subject-matter. To effect a repeal, a later statute must relate to the same subject as that covered by the earlier one. (Sutherland on Stat. Constr., p. 468.) In changing the terms and provisions of a statute already in force, there must be a strict compliance with constitutional requirements. (*State* v. *Hallock,* 19 Nev. 384; *Feibleman* v. *State,* 98 Ind. 520; *State* v. *Commissioners,* 22 Nev. 400; *State* v. *Gibson,* 30 Nev. 353; *Abel* v. *Eggers,* 36 Nev. 372.)

*Geo. B. Thatcher,* Attorney-General, and *William H. McKnight,* for Respondent:

The statute in question is not an amendatory act, but is an original statute, complete in itself, and therefore is not violative of the state constitution, sec. 17, art. 4. (*So. Pac. Co.* v. *Bartine,* 170 Fed. 725.) The act is within all the constitutional requirements. (*Russell* v. *Esmeralda Co.,* 32 Nev. 312.) This constitutional provision was not intended to abolish the doctrine of repeals by implication, nor the maxim that, where statutes are inconsistent with each other, the later repeals the earlier. (*Higgins* v. *Board,* 51 Pac. 72; Sutherland on Stat. Constr., 2d ed., sec. 261; *Bradley* v. *Esmeralda Co.,* 32 Nev. 167; *State* v. *Commissioners,* 21 Nev. 235; *Thorpe* v. *Schooling,* 7 Nev. 17.)

Errors in the use of words, which are not calculated to mislead as to the subject of the act, will be regarded by the courts as mere clerical mistakes, in nowise impairing the validity of the law. (*State* v. *Hallock,* 19 Nev. 388.) In interpreting statutes, the great object of courts is to give effect to the manifest purpose of the legislature; and this has been done in opposition to the words of the act. (*Gibson* v. *Mason,* 5 Nev. 283, 311; *State* v. *Eggers,*

36 Nev. 372, 381; *Ex Parte Prosole,* 32 Nev. 378, 108 Pac. 630; *Ex Parte Siebenhauer,* 14 Nev. 365.)

Petitioner is an "officer." (*Vaughn* v. *English,* 8 Cal. 42; *Spooner* v. *McConnell,* 22 Fed. Cas. 939, 943; *State* v. *Cole,* 38 Nev. 215, 148 Pac. 551.)

By the Court, COLEMAN, J.:

The legislature, at its session in 1911, passed an act, the title of which reads as follows:

"An act making the Railroad Commission of Nevada ex officio a public service commission for the regulation and control of certain public utilities, prescribing the manner in which such public utilities shall be regulated and controlled, requiring such public utilities to furnish reasonably adequate service and facilities, prohibiting unjust and unreasonable charges for services rendered by such public utilities, providing penalties for violation of the provisions of this act, authorizing such public service commission to appoint an expert engineer and to employ clerks and assistants, and making an appropriation for carrying out the provisions of this act." (Approved March 23, 1911. Revised Laws 1912, p. 1283.)

Section 16 of said act provides that said commission shall have authority to employ an expert engineer at a salary of $3,600 per annum and necessary traveling expenses. The petitioner was so employed by the commission, and has been, and is now, acting as expert engineer for said commission.

The legislature, at its session in 1913, passed an act, the title of which reads as follows:

"An act regulating the salaries of certain state officers of the State of Nevada." (Approved March 26, 1913. Stats. 1913, p. 404.)

By the terms of the act of 1913 alluded to it is provided that the annual salary of the chief engineer of the public service commission shall be $2,500. Since the first Monday of January, 1915, the respondent, as state controller, has refused to draw his warrant in favor of petitioner at the rate of $3,600 per year, as fixed by the public service

act of 1911, but has drawn his warrant in favor of petitioner at the rate of $2,500 per year, as provided in the act of 1913.

[1–2] The petition recites the passage of the two acts, the employment of relator, the official capacity of respondent, and the refusal of respondent to draw his warrant except as herein stated. It also sets out section 17 of article 4 of the constitution of the State of Nevada, which reads as follows:

"Each law enacted by the legislature shall embrace but one subject, and matter properly connected therewith, which subject shall be briefly expressed in the title; and no law shall be revised or amended by reference to its title only; but, in such case, the act as revised, or section as amended, shall be reenacted and published at length."

Petitioner prays that a peremptory writ of *mandamus* issue to respondent ordering him to draw his warrant in favor of relator on the basis of a yearly salary of $3,600.

To the petition the respondent demurred upon the ground that the petition did not state facts sufficient to constitute a cause of action.

Relator contends that the act of 1913, *supra*, is void because it violates the constitutional provision quoted, and relies mainly upon the case of *State* v. *Hallock*, 19 Nev. 384, 12 Pac. 832, to sustain his position. There is no doubt in our minds but that the decision in that case correctly states the law. It was a case in which the court passed upon the constitutionality of an act which unquestionably sought to amend a former act by reference to its title. It is clear that, when the legislature seeks to amend an act, it must comply with the terms of the constitution. But the legislature did not undertake by the act of 1913, *supra*, to amend the act of 1911, *supra*. The act of 1913 did not purport to be an amendatory act. It was clearly an independent act, complete in itself. Such acts are almost universally held not to violate the terms of the constitutional provision above quoted. The rule applicable to the case at bar is stated in 26 Am. & Eng. Ency. Law, 2d ed. p. 707, as follows: "The constitutional

requirement is not intended to embrace a statute complete in itself, and such a statute may modify or amend prior statutes without referring to them"—citing authorities.

Cyc. says:

"* * * Furthermore, an act which on its face is a complete and perfect act of legislation and does not purport to amend prior legislation is not interdicted by such a provision, although it amends by implication other legislation on the same subject." (36 Cyc. 1064, citing a great many authorities.)

In the case of *Southern Pacfiic Company* v. *Bartine* (C. C.) 170 Fed. 739, where this question was before the court, Judge Farrington said:

"Hence courts have not inclined to extend this prohibition beyond the mischief which it was designed to prevent. Where a new act deals with the details of a former law and is designed to correct its defects and remedy its deficiencies without changing its general framework, then in order that the act as amended may be readily and fully understood, and the force and effect of changes appreciated, the original act or section as amended must be set out at length and its title referred to; but when a new act is complete in itself, when it does not purport to be amendatory of any previous act, and requires no reference to another law to discover its scope and meaning, the mischief to be guarded against is not present, and the reason for the rule fails. In such a case, though the new law has the effect of modifying a former law, it is not an amendatory statute within the meaning of the constitution, and the previous law as modified or amended need not be reenacted or published at length nor is it requisite to the validity of the new law that it refer to the title of the old law. 'Hence an act of the legislature not amendatory in character, but original in form and complete in itself, exhibiting on its face what the law is to be, its purpose and scope, is valid, notwithstanding it may in effect change or modify some other law on the same subject.' (*Warren* v. *Crosby*, 24 Or. 558, 34 Pac. 661, 662; 1 Lewis's Sutherland, Stat. Const. sec.

239; *In Re Dietrick*, 32 Wash. 471, 476, 478, 73 Pac. 506; *Northern Counties Investment Trust* v. *Sears*, 30 Or. 388, 41 Pac. 931, 35 L. R. A. 188, 194; *State* v. *Rogers*, 107 Ala. 444, 19 South. 909, 32 L. R. A. 520, 522; *Ex Parte Pollard*, 40 Ala. 98; *In Re Buelow*, 98 Fed. 86, 89; *City of St. Petersburg* v. *English*, 54 Fla. 585, 45 South. 483, 486; *St. Louis I. M. & S. Ry. Co.* v. *Paul*, 64 Ark. 83, 40 S. W. 705, 37 L. R. A. 504, 508, 62 Am. St. Rep. 154; *Erford* v. *City of Peoria*, 229 Ill. 546, 82 N. E. 374, 375; *People* v. *Mahaney*, 13 Mich. 481, 497; *Lake* v. *Palmer*, 18 Fla. 501, 510; *Hellman* v. *Shoulters*, 114 Cal. 136, 44 Pac. 915, 919, 45 Pac. 1057; *Evernham* v. *Hulit*, 45 N. J. Law, 53.)

"Sutherland, in the first volume of his work on Statutory Construction, at page 448, says that a statute which in general terms repeals all acts and parts of acts inconsistent with its provisions is not amendatory.

"In *State* v. *Trolson*, 21 Nev. 419, 432, 32 Pac. 930, 933, where the court had under consideration the constitutionality of a statute of 1887 (Stats. 1887, p. 81, c. 76), entitled 'An act to further define and punish embezzlement,' which neither referred to nor reenacted any previous law, in response to the contention that the statute was invalid because it was virtually an amendment of sections 4634 and 4635, Gen. Stats. Nev. 1885, Judge Bigelow, concurring, said: 'In my judgment, the weight of authority and the more practical reason is with those that hold the general rule that the clause of the constitution under consideration does not apply unless the subsequent statute is, in terms as well as in effect, an amendment of the preceding statute. Speaking of the constitutional provision that an amended section of a statute must be reenacted and published at length, Judge Cooley says: "It should be observed that statutes which amend others by implication are not within this provision; and it is not essential that they even refer to the acts or sections which by implication they amend." (Const. Lim. 182.) This statement is well supported by the adjudged cases of many states. A statute is frequently so interwoven with others and directly or indirectly modifies or

amends so many others, and the rule contended for is itself so uncertain and indefinite, and in its nature incapable of reasonably fixed limits of application, that, as it seems to me, its adoption would lead to more uncertainty and confusion in the law than it would eliminate.' "

We are clearly of the opinion that the act of 1913 does not violate the terms or the spirit of the constitutional provision mentioned.

The demurrer is sustained.

Petition for rehearing denied.