## MELLAN v. MESSENGER

No. 2631

October 6, 1924.                           228 Pac. 1095.

1. APPEAL AND ERROR—MOTION TO DISMISS ON MATTERS NOT IN RECORD TO BE ACCOMPANIED BY AFFIDAVIT.

   Motion to dismiss appeal, so far as based on matters not appearing in the record, should be accompanied by affidavit or other showing.

2. APPEAL AND ERROR—STATUTE AGAINST DISMISSAL FOR DEFECT IN APPELLATE PRACTICE TILL OPPORTUNITY TO AMEND HELD APPLICABLE.

   Stats. 1923, c. 97, sec. 2, providing against dismissal of appeal for defect in appellate proceedings till appellant has been given opportunity to correct it, held to be construed most liberally, and applicable to motion to dismiss, on ground that trial court had not disposed of respondent's objections there made to bill of exceptions.

3. APPEAL AND ERROR—GROUND OF MOTION TO DISMISS, THAT BILL OF EXCEPTIONS NOT FILED WITH TRIAL COURT CLERK, HELD NOT SUPPORTED.

   Ground of motion to dismiss appeal, that bill of exceptions had not been filed with trial court clerk, held to fail as not supported; bill bearing what purported to be notation of its having been duly filed, and what purported to be clerk's certificate that it was true bill of exceptions and record on appeal.

4. Appeal and Error—Appeal from Judgment and Order Deny-
    ing New Trial Must Be within Time Limit for Both.
        Under Stats. 1913, c. 91, providing that appeal may be taken
    from final judgment within six months after it is rendered,
    and from an order denying new trial within 60 days after
    order is made and entered, an appeal, though from both judg-
    ment and order, not being within statutory periods as to each.
    is too late, though within six months from denial of new trial.

See 3 C. J. sec. 1050, p. 1053, n. 11; 4 C. J. sec. 2399, p. 588, n. 87
    (new); sec. 2420, p. 599, n. 1 (new).

APPEAL from Seventh Judicial District Court, Mineral
County; *J. Emmett Walsh,* Judge.

Action by Jess Mellan against Ed. V. Messenger.
From judgment for defendant, and order denying new
trial, plaintiff appeals. **Appeals dismissed, and judgment
and order affirmed.**

*I. S. Thompson,* for Appellant:

Plaintiff complied with Rev. Laws, 5068, so far as he
could in furnishing complete itemized statement of
account. Law does not require impossibilities. Connor
v. Hutchinson, 17 Cal. 279. Though notice and demand
be not complied with, it is still in discretion of court to
allow evidence. Silva v. Bair, 75 Pac. 162. At least
plaintiff was entitled to prove items set forth.

Appellant's right to appeal dates from decision on
motion for new trial, until which time judgment does
not become final for purpose of review. Brown v.
Evans (Nev.), 18 Fed. 56.

Transcript plainly shows question presented. Such
record does not need approval of opposite counsel nor
certificate of judge, and may be filed in lieu of bill of
exceptions and constitutes bill of exceptions without
further stipulation or settlement. 1923 Stats. 164.

Having prevented hearing on merits, respondent now
seeks to prevent review.

Separate appeals from judgment and order denying
motion for new trial are not necessary. First would be
valueless and would deprive appellant of very object of
motion for new trial.

*J. H. White* and *C. C. Ward,* for Respondent:

Immediately upon service of alleged transcript objections and motion to strike were made, filed, and served, which objections and motion have not been ruled upon. If decided favorably to defendant, alleged appeal will be moot question for there will be nothing for this court to decide. Jones v. Montagu, 194 U. S. 150; State v. Savage, 90 N. W. 898.

Notice of appeal purports to appeal from judgment of trial court when no final judgment was rendered, and such appeal is dated more than six months after date of alleged judgment, and is too late. 1913 Stats. 113.

Pretended appeal was not filed in this court until more than seventeen days after time prescribed.

If it be contended that appeal was from decision, instead of final judgment, still, as no notice of intention to appeal from decision sustaining objection to introduction of testimony was made, filed, or served within twenty days from rendition thereof, it came too late. 1915 Stats. 166.

There has been no final judgment. Appellant attempts to appeal from decision sustaining objection to introduction to certain evidence, which decision was not error, as failure to give itemized account on demand acts as bar to introduction of any evidence in support thereof. Rev. Laws, 5068.

## OPINION

By the Court, COLEMAN, J.:

This case is before the court on a motion to dismiss the appeal.

1, 2. The motion to dismiss is based upon several grounds, one being that objections had been made by the defendant (respondent) to the so-called bill of exceptions in the district court, and that the same had not been disposed of in that court.

We may say here that there is no affidavit accompanying the motion to dismiss, or other showing which we think would justify our granting the motion, so far as

it is based upon matters not appearing in the so-called
record on appeal. But there is another reason why the
motion is not good. Section 2, c. 97, Stats. 1923, pro-
vides that no appeal shall be dismissed for any defect
or informality in the appellate proceedings until the
appellant has been given an opportunity to amend or
correct such defect. This is a wholesome provision, and
we think it should be construed most liberally.

3. Another ground of the motion is that the so-called
bill of exceptions had not been filed with the clerk of
the trial court. Inspection thereof shows that it bears
what purports to be a notation of its having been duly
filed. There is also what purports to be a certificate of
the clerk, under the seal of the court, that "the within
is the true, original bill of exceptions and record on
appeal. * * * " There being no showing in support
of the respondent's motion, this ground of objection
must fail.

4. The respondent also moves to dismiss the appeal,
upon the ground that it was not taken either from the
judgment or from the order denying the motion for a
new trial within the statutory time. The statute
(Stats. 1913, p. 113) provides that an appeal may be
taken from a final judgment within six months after
the judgment is rendered, and from an order denying a
motion for a new trial within 60 days after the order is
made and entered in the minutes of the court. The
final judgment was rendered on November 24, 1922,
and on June 26, 1923, the order denying the motion for
a new trial was filed with the clerk of the court. The
appeal from both the judgment and the order was taken
on September 19, 1923.

It is clear that neither appeal was within the time
limit fixed by the statute. It is said by counsel for
appellant that where the appeal is from both the judg-
ment and the order denying a motion for a new trial,
the appellant has six months from the date of the denial
of the motion for a new trial in which to appeal, citing
Brown v. Evans (C. C.), 18 Fed. 56, in support of the
contention. We do not think this case undertakes to

construe our statute, nor one similar to it, and, if it did, we would be disposed not to follow it. To give our statute the interpretation contended for would result in giving a party two opportunities to appeal from the judgment, and greatly delay the perfecting of the appeal. It is obvious from a reading of the statute that no such a result can be accomplished, except by a distorted interpretation.·

Appellant having failed to take an appeal from both the judgment and the order within the time limit, it follows that both appeals must be dismissed, and that the judgment and order must be affirmed.

It is so ordered.