[No. 24974. Department One. May 24, 1934.]

YAKIMA COUNTY *et al., Appellants,* v. C. D. STEPHENS, *as Treasurer for Yakima County, et al., Respondents.*[1]

[1]Reported in 33 P. (2d) 93.

*O. Sandvig, Wm. B. Bridgman,* and *J. M. Rummell,* for appellants Yakima County *et al.*

*Roberts, Swanson & Tunstall,* for appellants Washington National Investment Co. *et al.*

*Stephen E. Chaffee,* for respondents.

STEINERT, J.—This action was brought to set aside a deed issued by Yakima county in pursuance of a sale of certain lands for delinquent irrigation assessments, and to compel a subsequent sale of the same lands for general taxes and for drainage, road district and irrigation assessments. Upon a trial before the court, a decree was entered denying the relief prayed for and quieting title to the land in the grantee named in the deed. The plaintiffs have appealed.

By stipulation of the parties, the facts are admitted to be as set forth in the pleadings, excepting therefrom all legal implications and conclusions as to title. The facts, as thus stipulated, are as follows:

The lands here involved are located within what is known as the Sunnyside unit of the Yakima project, a project owned and controlled by the United States of America under the reclamation act. Some time between 1912 and 1914, the owners of lands described in the complaint entered into a contract with the United States, by which the former agreed to purchase from the latter a water right at a total cost of fifty-two dollars per acre, payable in installments, and, in addition thereto, to pay the annual charges for operation and maintenance, which charges were made prior liens upon the lands. The appellant Sunnyside Valley irrigation district was, by the contract, denominated as the fiscal agent of the Federal government for the collection of the annual charges.

The construction, operation and maintenance charges

for the years 1924 to 1932, inclusive, became delinquent to the amount of $5,074.86, and the same were, in the years in which they became respectively due, included by the district in its assessment against the lands. The assessment for 1925 not having been paid, the lands were duly sold, pursuant to the statute, and were bid in by the district in July, 1926. After the period of redemption had expired, the county treasurer issued a deed to the district on July 25, 1928.

Subsequently, in 1930, the charges for that year not having been paid, similar proceedings were had, resulting in a sale of the lands to the district in July, 1932, followed by the issuance of a deed to the district after the period of redemption had expired.

In the meantime, general taxes and certain drainage district and road district assessments for the years 1921 to 1927, inclusive, had become delinquent. Foreclosure proceedings were brought by the county, resulting in a judgment, in satisfaction of which the lands were sold to the county and a deed issued to it on March 2, 1929. When the lands were sold to the county under its foreclosure, the county treasurer marked the drainage and road district assessments "cancelled" upon his records; and when the lands were deeded to the Sunnyside Valley irrigation district in 1932, the treasurer likewise marked the general taxes "cancelled" upon his records.

The question here is whether the deeds to the Sunnyside Valley irrigation district conveyed title to the grantee stripped of the liens for general taxes, drainage and road district taxes.

■ The case presents nothing beyond what has already been fully argued and decided in the recent case of *North Spokane Irrigation District v. Spokane County*, 173 Wash. 281, 22 P. (2d) 990. That case

was heard *En Banc,* and the decision was unanimous. All of present counsel, together with many others, appeared therein on petition for rehearing, and the questions presented in the present briefs were all raised and discussed by counsel at that time. Upon a further consideration of the matter, we see no valid reason for receding from our former position. Nor is it necessary to indulge a further discussion of what we have fully considered and decided.

Upon the authority of the former case, the judgment in this is affirmed.

MILLARD, MAIN, MITCHELL, and TOLMAN, JJ., concur.

