[No. 25682. Department Two. August 13, 1935.]

HORSE HEAVEN IRRIGATION DISTRICT, *Respondent and Cross-appellant,* v. R. M. JENKINS *et al., Appellants.*[1]

*Stephen E. Chaffee* and *B. E. McGregor*, for appellants.

*W. F. Crowe,* for respondent and cross-appellant.

MITCHELL, J.—Horse Heaven Irrigation District brought this action in August, 1934, under chapter 194, Session Laws of 1933, p. 928 (Rem. 1934 Sup., § 4346-1 [P. C. § 3228-1] *et seq.),* to quiet title to all the lands within the district to which it held deeds of conveyance by virtue of proceedings foreclosing irrigation district assessments to pay interest on the district's bonds for the years 1927 to 1932, both inclusive. Included in the list were certain lands belonging to R. M.

[1]Reported in 48 P. (2d) 591.

Jenkins and wife, other lands belonging to Philip Lawrence, and still other lands belonging to the heirs of H. E. Holmes, deceased. Judgment was entered for the district. Jenkins and wife, Philip Lawrence, and the heirs of H. E. Holmes, deceased, have separately appealed. The district has cross-appealed.

The lands here involved, other than two tracts, were conveyed by the county treasurer, ex-officio treasurer of the district, pursuant to foreclosure of delinquent assessment proceedings, by deeds dated in January, 1930, and January, 1932. Two tracts were conveyed in January, 1934. All of the deeds were delivered at their respective dates, and, other than the deeds of January, 1934, were delivered prior to the enactment of chapter 194, Laws of 1933.

Each of the appellants, upon appearing in the case in the superior court for the purpose of redemption, as provided for in the act, made answer, alleging that, after the district acquired title, the district had received certain rentals and profits, and also certain wheat allotment moneys from the Federal government, for all of which the redemptioner was entitled to credit in fixing the amount required to redeem. This demand was refused by the trial court, which holding constitutes the grounds of the assignments of error on behalf of the appellants.

Notwithstanding the fact that it was already provided by Rem. Rev. Stat., § 7448 [P. C. § 3226], found in the irrigation district act, that the treasurer's deed in foreclosure of delinquent assessments "conveys to the grantee the absolute title to the lands described therein, free from all encumbrances, . . ." the legislature saw fit to enact chapter 194, Session Laws of 1933, p. 928, which is entitled:

"AN ACT relating to the determination of title to lands deeded to irrigation districts for delinquent irri-

gation assessments and to redemption in such cases and providing that this act shall take effect immediately."

Section 1 of the act, p. 928, is as follows:

"In any and all instances in this state in which a treasurer's irrigation assessment deed to real property has been or shall be issued to an irrigation district pursuant to statute and the district still retains the title or an interest in the real property thus acquired, and for any reason a defect in title exists or adverse claims against the same have not been legally determined, the irrigation district shall have authority to institute an action in the superior court in the county where the land is located to quiet title against any and all such defects; and to determine such adverse claims and the priority thereof as in this act provided." Rem. 1934 Sup., § 4346-1 [P. C. § 3228-1].

The right of former owners of land to redeem and the terms upon which the right may be exercised are set out in § 4 of the act, p. 930, as follows:

"Any person, firm or corporation who or which may have been entitled to redeem the property involved prior to the issuance of the treasurer's deed to the irrigation district, and his or its successors in interest, shall have the right, at any time after the commencement of, and prior to the judgment in the action authorized herein, and not thereafter, to redeem such property *by paying the county treasurer the amount of the irrigation assessment for which the property was sold to the district, and the amount of any other irrigation assessments which may have been levied prior to the date of such redemption, together with interest on all such irrigation assessments from the date of delinquency thereof, respectively, at the rate of ten per cent per annum and by paying such proportional part of the cost of foreclosure proceedings and of the action herein authorized as the county treasurer shall determine."* Rem. 1934 Sup., § 4346-4 [P. C. § 3228-4].

We have italicized the language pertinent to the present inquiry, and it will be observed that it does not provide for any right in the redemptioner to credits for rents, issues and profits the grantee may have received from the lands after the date of the treasurer's deed.

Taxes and assessments of municipal corporations are levied and collected to meet expenses of the municipal corporation and the demands of its creditors. To permit rents, issues and profits accruing during the period of redemption to be offset against the amount of money required to redeem, as though it were a matter between private individuals, would to that extent defeat the primary and essential purpose for which such taxes and assessments are levied.

Here we are dealing with a statutory right of redemption—a municipal corporation on one side and individuals on the other. In *State ex rel. Bryant v. Starwich,* 131 Wash. 101, 229 Pac. 12, we quoted with approval the rule set out in *Knipe v. Austin,* 13 Wash. 189, 43 Pac. 25, 44 Pac. 531, as follows:

"The right to redeem at all is a right granted by the statute. Without a statutory enactment the right would be cut off absolutely. It is a right that is purely *ex gratia,* and the legislature in conferring this right could confer it burdened with any conditions which it saw fit to impose."

The right to redeem under this statute of 1933 is burdened with the condition of making payment in money, the amount to be ascertained by the rule fixed in the statute—redemption by that means, none other. The judgment in this case in that respect complies with the statute.

The district, as cross-appellant, contends that, owing to the fact that the deeds to it in foreclosing delinquent assessments were issued and delivered

prior to the effective date of chapter 194, Laws of 1933, p. 928, the legislature was powerless to pass the law which, in effect, extends the right of redemption as against the district, the owner of the land at that time. It is admitted in the brief that, as to lands owned by the state or any county or other municipality, strictly speaking, organized out of territory of the state, the state may provide, as a matter of course, that a former owner might buy back or redeem his land at any time, but with respect to individuals or organizations, such as irrigation districts, no such power exists.

Whether an irrigation district is a municipal corporation, as distinguished from an individual, was presented for determination, with respect to the application and construction of this chapter 194, Laws of 1933, p. 928, wherein the validity of the act was assailed, in the case of *Outlook Irrigation District v. Fels,* 176 Wash. 211, 28 P. (2d) 996, which was an action to quiet title to lands belonging to the irrigation district under deeds resulting from a sale for delinquent assessments, it being contended the district was not a municipal corporation. We refused approval of the argument, saying:

"Notwithstanding irrigation districts are not endowed with all the powers of municipal corporations, that they possess attributes pertaining to such bodies has been recognized by a number of decisions of this court. *Peters v. Union Gap Irr. District,* 98 Wash. 412, 167 Pac. 1085; *State ex rel. Clancy v. Columbia Irr. Dist.,* 121 Wash. 79, 208 Pac. 27; *Brown Bros. v. Columbia Irr. Dist.,* 82 Wash. 274, 144 Pac. 74; *Burbank Irr. Dist. v. Douglass,* 143 Wash. 385, 255 Pac. 360.

"By Rem. Rev. Stat., § 7436, irrigation districts have been endowed with the power of levying assessments. That such assessments are based on the sovereign power of taxation, is not open to question. *Davidson v. New Orleans,* 96 U. S. 97; *Seattle v. Hill,* 14 Wash.

487, 45 Pac. 17, 35 L. R. A. 372; *State ex rel. Spokane v. DeGraff*, 143 Wash. 326, 255 Pac. 371. The levy and collection of the assessments provided for is strictly a proceeding *in rem*. No personal liability attaches to the owner of the property because of them. To the extent, therefore, that an irrigation district is endowed with and exercises this sovereign power of taxation, it is an agency of the state, exercising governmental powers. *Crow Creek Irr. Dist. v. Crittenden*, 71 Mont. 66, 227 Pac. 63.''

And further, considering the matter from another angle, under the constitution the holding that an irrigation district acts in such matters in a sovereign, rather than an individual, capacity, was repeated by stating that the irrigation district, in proceeding under this act, chapter 194, Laws of 1933, p. 928, ''acts in a governmental capacity, and not as an individual.''

The district, as a municipal corporation, is not in the real estate business, and it has no pleasure in becoming the owner of property within its boundaries, so as to keep it off the tax roll; hence the validity and propriety of an act, such as this one, in extending, upon proper terms, the right of redemption after the district has received a deed of conveyance, to the manifest advantage of the district and its individual landowners. Such is the scope and purport of this act, the provisions of which have been invoked by the cross-appellant itself to quiet title to lands within the district.

The judgment is affirmed on both appeals.

HOLCOMB, STEINERT, and BLAKE, JJ., concur.