BANKERS FARM MORTGAGE COMPANY, Respondent, vs.
CHRISTOFFERSON, Appellant.

*March 4—March 31, 1936.*

For the appellant there was a brief by *Rush & Devos* of Neillsville, attorneys, and *Frank W. Lucas* and *Charles E. Buell* both of Madison of counsel, and oral argument by *Mr. Lucas*.

For the respondent there was a brief by *Lines, Spooner & Quarles,* attorneys, and *L. S. Clemons* of counsel, all of Milwaukee, and oral argument by *Mr. Clemons*.

FOWLER, J. The action is for foreclosure of a mortgage. The land was in a drainage district. Subsequent to the execution of the mortgage, the lands were sold for nonpayment of drainage assessments. The defendant Christofferson bought in the land at a sale for nonpayment of the drainage assessments made by the county treasurer by direction of the circuit court pursuant to sec. 89.37 (4) (d), Stats. Christofferson is the husband of one of the children of the deceased mortgagor. 'He claims the same right as anyone else to buy the property at the county treasurer's sale, and to hold the land free from the lien of plaintiff's mortgage. This contention is based upon the fact that the statute cited provides for a sale much like a mortgage foreclosure sale, and it is claimed that the effect of the sale, like that of a foreclosure sale, is to cut off the liens and claims of all parties in interest who have

been made parties to the action, and particularly the liens of all parties whose liens are inferior to that of the mortgage foreclosed. The drainage assessment creates a lien superior to that of the mortgage, and the mortgagee is a party to the treasurer's sale by reason of the statutory newspaper notice by advertisement.

The trial court held that the deed of the county treasurer was in effect a tax deed; found that Christofferson purchased for and pursuant to agreement with the heirs and widow of the deceased mortgagor that the widow should occupy the premises until her death and the property should then be divided among the children of the deceased. There is no bill of exceptions, so that the findings of the circuit court are not subject to attack.

The case of *McMahon v. Lower Baraboo River D. Dist.* 184 Wis. 611, 614, 200 N. W. 366, establishes the status of a drainage district as a *quasi*-municipal corporation with power to impose assessments, and the statutes provide the method of enforcing the payment of assessments by sale by the county treasurer either without direction of court as lands are sold for nonpayment of general taxes, or on direction of the circuit court to the highest bidder after advertisement of sale. Sec. 89.37 (1), (4) (d), (5), Stats.

The case of *In re Dancy Drainage District,* 199 Wis. 85, 225 N. W. 873, establishes the status of drainage assessments as taxes. On page 94 of the opinion it is stated: "The drainage lien is a special assessment lien." A special assessment is a tax. The lien of a special assessment is a tax lien, and in general is enforced as other tax liens are enforced, including the issuance of a tax deed as the ultimate result in case of nonpayment of the assessment. *Yates v. Milwaukee,* 92 Wis. 352, 66 N. W. 248. It is also stated on page 98 of the opinion in the *Dancy Drainage Case, supra,* that, "when this sale is completed and report made to the circuit court, *taxation proceedings* are at an end."

That the statutes conceive the assessment as a tax is plain from the provisions of sec. 89.37 (1), Stats., which requires unpaid assessments to be returned as delinquent taxes are returned, and the provision of sec. 89.37 (5) for issuance of tax deeds in the same manner as such deeds are issued on nonredemption from general tax sales.   The nature of the assessment as a tax or the nature of the deed as a tax deed is not changed by the fact that a method alternate to that obtaining in case of general taxes is provided by permitting the petitioning of the circuit court to order a sale to the highest bidder at public auction.   It is declared by sec. 89.37 (6), Stats., that the "rules of law applying to the collection of taxes and the sale of lands for taxes and issuance of tax deeds shall . . . apply to the collection of and sale of lands for drainage assessments and issuance of drainage assessment deeds."   This leaves no doubt that the buying in at a county treasurer's sale by or for an owner operates as a payment of the delinquent assessments.   That is the rule as to ordinary tax deeds.   The husband of an owner who purchases at a tax sale is deemed to have acted for his wife, and a tax deed issued to him on the sale does not cut off the lien of a prior mortgage.   *Edgerton v. Schneider,* 26 Wis. 385. On like reason the taking of a tax deed by the husband of a co-owner under an agreement to purchase for the benefit of his wife and her co-owners does not cut off the lien of a pre-existing mortgage.   Taking a tax deed by one who owes a legal duty to pay taxes on land operates as a redemption. *Olson v. McDonald,* 156 Wis. 438, 145 N. W. 1078.   The purchase by Christofferson was under the agreement found a purchase by his wife and co-owners and operated as a redemption by them.   For a collection of the cases bearing upon this point see *Paetz v. Kenney,* 214 Wis. 158, 160, 252 N. W. 594.

*By the Court.*—The judgment of the circuit court is affirmed.