HARRY H. MAGEE, ET AL., APPELLANT, *v.* WALTER WHITACRE AS TREASURER AND EX OFFICIO TAX RECEIVER OF LYON COUNTY, NEVADA, RESPONDENT, AND WALKER RIVER IRRIGATION DISTRICT, A CORPORATION, INTERVENER AND RESPONDENT.

No. 3291

November 28, 1939.                                       96 P. (2d) 201.

*George L. Sanford,* for Appellants.

*W. M. Kearney,* for Walker River Irrigation District, Intervener and Respondent.

## OPINION

By the Court, ORR, J.:

This case is before us on motions to dismiss the

appeals from the judgment and from an order denying plaintiff's motion for a new trial, and to strike certain portions of the record on appeal.

The case was submitted to the trial court on briefs. Thereafter, on the 14th day of April 1938 the district court rendered a written decision, which was filed on the 16th day of April 1938. The notice of appeal from the judgment was signed September 23, 1938, and filed September 26, 1938.

Intervening defendant and respondent moves the dismissal of the appeal from the judgment, on the ground that it was not taken within six months after rendition of final judgment, as required by section 9385.60, Comp. Laws, which reads, in part:

"An appeal may be taken:

"1. From a final judgment in an action or proceeding commenced in the court in which the judgment is rendered, within six months after the rendition of the judgment."

■ The law of this state is settled that the six months' time mentioned in the statute runs from the rendition of the decision of the court, not from the time of the filing of the formal findings and formal judgment. Central Trust Co. v. Holmes Mining Co., 30 Nev. 437, 97 P. 390; Mellan v. Messenger, 48 Nev. 235, 228 P. 1095; Ex Parte Breckenridge, 34 Nev. 275, 280, 118 P. 687, Ann. Cas. 1914D, 871; Coleman v. Moore & McIntosh, 49 Nev. 139, 241 P. 217; First National Bank v. Fallon et al., 55 Nev. 102, 26 P. (2d) 232.

If the decision filed by the court on April 16, 1938, constitutes a final judgment, then the attempted appeal taken therefrom was too late, being more than six months after its rendition.

Appellants urge that the said decision of the trial court did not constitute a final judgment, in that it left something to be done and for the future consideration of the court in order to fully dispose of the issues and rights of the parties. Appellants urge two propositions

as not having been disposed of; first, that the trial court in its decision failed to determine the constitutionality of section 29½ of the Nevada irrigation district act, sec. 8042 N. C. L.; and, secondly, that the trial court in said decision failed to determine the costs.

As to the first proposition we cannot agree with appellant. In our opinion that question was determined by the trial court adversely to the contention made by appellants in said court, and said court found said section constitutional.

██ As to the second proposition, the trial court did not make an order relative to the costs until the filing of the formal findings and formal judgment, on the 26th day of September 1938, and no mention thereof was made in the decision of April 14, 1938. This is an action in equity, and is clearly one in which the court is vested with discretion in the assessment of costs, under section 8927 N. C. L. The case of Perkins v. Sierra Nevada S. M. Co., 10 Nev. 405, 410, gives the following definition of a final judgment: "A judgment or decree is final that disposes of the issues presented in the case, *determines the costs*, and leaves nothing for the future consideration of the court." This definition is cited with approval by this court in the case of Nevada First National Bank v. Lamb, 51 Nev. 162, 271 P. 691.

██ Reading the decision of the trial court in the light of the above definition, we find missing one of the essentials, namely, it fails to determine the costs; hence to that extent it is not final, and such determination not having been made until September 23, 1938, final judgment was not entered until said date, and appellants had six months therefrom in which to appeal. The appeal from the judgment was timely, and the motion to dismiss said appeal is denied.

██ In the motion of intervening defendant and respondent to dismiss the appeal from the order denying plaintiff's motion for a new trial, several grounds are urged. We need consider but one, namely, that there

was no undertaking given on said appeal. Under the law of this state where an appeal is taken from a judgment and from an order denying a motion for a new trial, but one undertaking in the sum of $300 need be given. However, said undertaking must refer to both appeals. The undertaking filed herein refers to the judgment rendered September 23, 1938, and makes no reference to the appeal from the order denying plaintiff's motion for a new trial. This exact question has been decided many times in the State of California, and the same rule has been established in North Dakota, Idaho, and Montana. The rule as announced in California is stated in the case of Granger v. Robinson, 114 Cal. 631, 46 P. 604. After affirming the rule that one undertaking may be given for both appeals, the court states: "It is, however, necessary that the undertaking shall refer to each of the appeals as distinctly as if they were from separate orders requiring an undertaking for each. If the undertaking recites merely the appeal from the judgment, the appeal from the order denying a new trial will be dismissed."

See, also, Berniaud v. Beecher, 74 Cal. 617, 16 P. 510; Crew v. Diller et al., 86 Cal. 554, 25 P. 66; Pacific Paving Co. v. Bolton et al., 89 Cal. 154, 26 P. 650; Dodge v. Kimple, 121 Cal. 580, 54 P. 94; Buchner v. Malloy, 152 Cal. 484, 92 P. 1029; Little v. Thatcher, 151 Cal. 558, 91 P. 321; Schurtz v. Romer, 81 Cal. 244, 22 P. 657; Hedderich v. Hedderich, 18 N. D. 488, 123 N. W. 276; Hurley v. O'Neill, 24 Mont. 293, 61 P. 658.

The supreme court of the State of Idaho, in the case of Baker v. Oregon R. & Navigation Co., 8 Idaho 36, 66 P. 806, dismissed an appeal in which the undertaking recited both the appeal from final judgment and the appeal from the order denying the motion for a new trial, because the undertaking merely recited the singular in that portion of the undertaking wherein the sureties bound themselves. The Idaho court declared such a statement to be so ambiguous that it could not be enforced.

■. The appeal from the order denying the motion for a new trial is dismissed.

■ Intervening defendant and respondent moves to strike certain parts of the record for the reason they form no part of the judgment roll. Section 8829 N. C. L. provides what shall constitute the judgment roll in civil cases. The first instrument to which the motion is directed is the affidavit of Homer Mooney, appearing on pages 131 and 132. This constitutes the proof of service of the notice of appeal. Such an instrument is not made a part of the judgment roll by section 8829, supra, nor is it required to be annexed thereto by section 9385.88 N. C. L. It is ordered stricken. The second is the affidavit appearing on page 126, volume 1, of the record on appeal, which is an affidavit for change of judge. This has no place in the judgment roll, and is ordered stricken. Third, the appeal and notice of appeal, on page 130, volume 1. These papers may properly be said to be annexed to the judgment roll, which is proper and is authorized by section 9385.88 N. C. L. As to these, the motion is denied. Fourth, it is asked that certain portions of the clerk's certificate, insofar as it incorporates matters not a part of the judgment roll as defined by law, be stricken. The papers referred to are not pointed out in the motion; it is too general, and is therefore denied. Lovelock Lands v. Lovelock L. & D. Co., 54 Nev. 1, at page 5, 2 P. (2d) 126, 7 P. (2d) 593, 12 P. (2d) 339. The fifth ground refers to the motion appearing on pages 4 and 5 of volume 1 of the record on appeal. This instrument has no place in the judgment roll, nor is it required to be annexed thereto in an appeal from the judgment. It is ordered stricken. The sixth ground refers to the motion appearing on pages 19 to 21. This is a motion to strike, and is not one of the papers required to be placed in the judgment roll or appended thereto, and as to it the motion is granted. The seventh ground is addressed to the motion appearing on pages 104 to 111 of volume 1 of the record. This is a motion to make more definite and

certain, and not being one of the papers required to be incorporated in the judgment roll or appended thereto on appeal, it is ordered stricken. Ground number eight refers to the stipulation appearing on pages 2 and 3 of volume 1; it is ordered stricken, for the reasons heretofore given.

Intervening defendant and respondent further asks that the bill of exceptions be stricken. This is denied. If reasons exist why this court cannot consider the bill of exceptions on the appeal from the judgment, respondents may present them in their briefs on said appeal.

The motion to strike the remaining portions of the file, upon the ground that there is no valid appeal from the judgment, is denied.

ON THE MERITS

October 23, 1940.                    106 P. (2d) 751.

*George L. Sanford,* for Appellants.

*Richard R. Hanna* and *W. M. Kearney,* for Respondents.

*W. M. Kearney* and *Robert Taylor Adams,* for Intervening Respondent.

*Roy W. Stoddard, Charles M. Merrill,* and *A. L. Haight,* Amici Curiæ.

## OPINION

By the Court, ORR, J.:

Appellants instituted an action in the First judicial district court, in and for Lyon County, asking an injunction forbidding defendant Lothrop, who was at the time county treasurer and ex officio tax receiver of Lyon County, from selling, on demand of the Walker river irrigation district, certain parcels of land situate therein, for delinquencies arising from assessments and charges of the district, alleging that the threatened sales of said lands were without authority of law. Defendant set up in his answer that the lands were bid in at tax sales by the county, that the county later obtained deeds to said lands, and later resold them to appellants, but that said lands remained charged with the lien of the unpaid irrigation district assessments, and that a summary sale was authorized under section 29½ of the Nevada irrigation district law, as amended, in order to foreclose said lien. Walker river irrigation district intervened and alleged that the bonds issued by the district were general obligations of the district and were a lien on all of the lands in said district; that the lands were lawfully assessed, became delinquent, and were subject to summary sale.

Appellants assert that section 29½ of the irrigation district law, as amended, violates the following sections of the constitution of the State of Nevada: (1) Article

IV, sections 17, 20 (subdivisions 11 and 16) and 21; (2) article IX, sections 2 and 3; (3) article X, section 1; and violates section 10 of article 1 of the constitution of the United States. The principal objection urged against the constitutionality of said section 29½ is that the said section attempts to make the lien of an irrigation district for assessment charges equal or superior to the lien for general state, county, city and school taxes.

The trial court found that certain of the attempted levies, as alleged in the complaint, were not lawfully made, but did find that the district assessments against the so-called Magee Parcel No. 3 of Harry H. Magee, and the lands of L. S. Greely, Floyd Becker and Harriet K. Arentz, were lawfully made.

The appeal herein must be considered as from the judgment roll alone, and only those alleged errors which appear from the face thereof will be considered. However, the main questions raised and to be determined on this appeal sufficiently appear, namely, the constitutionality of said section 29½, as above set forth, and, further, whether or not it was legally enacted.

The following assignments of error are presented for consideration: (1) That the court erred in dismissing the injunction forbidding the sale of the lands of Harry H. Magee Parcel No. 3 and the lands of plaintiffs Greely, Becker and Arentz; (2) the court erred in adjudging and concluding as a matter of law that section 29½ of the Nevada irrigation district act, as said section was amended by Statutes of Nevada 1927, p. 309, at p. 320, and as said act existed at the time of trial, being section 8042 N. C. L. 1929, as amended, was and is constitutional; (3) the court erred in adjudging and concluding that the irrigation district assessments, tolls and charges were and are on an equality with the lien for the general taxes.

Appellants assume to attack the Nevada irrigation district law, as amended, in all its phases, yet they are entitled to a decision on those phases alone which are

properly raised by the facts presented in this case. We are not authorized to enter into a determination of the constitutionality of the statute on a supposed or hypothetical case which might arise thereunder. 16 C. J. S., Constitutional Law, p. 162, sec. 76; 11 Am. Jur., p. 753, note 18.

As has been noted the lands in question became delinquent and were sold to the county; no redemption was made, and the title passed to the county; thereafter the county sold said lands to appellants; the delinquent irrigation district assessments were not taken care of and remain unpaid. Appellants contend that they are entitled to take under the deeds from the county, free and clear of all encumbrances, pursuant to the provisions of sections 41 and 55 of the general revenue law, Comp. Laws, secs. 6449, 6462.

■ The Nevada irrigation district law has been before this court on a number of different occasions, the constitutionality thereof being presented for consideration in several different aspects, but the decisions of this court have uniformly upheld the constitutionality of the act as to the questions presented. One of the first determinations made by this court was in the case of In re Walker Irrigation District, 44 Nev. 321, 195 P. 327. The sufficiency of the title of the act was questioned at that time, and also the constitutionality of the provisions relative to voting privileges. In deciding the constitutionality of the provisions of the Nevada act relative to voting privileges, this court refused to follow the decisions of California and Idaho, and patterned its finding after the cases of Oregon. Appellants profess to see in that decision a disposition on the part of this court to reject the California and Idaho decisions as authority on points other than those under consideration by the court at the time of its making the decision above referred to. However, we cannot accept this interpretation, and if questions not decided in the Walker River Irigation District case, supra, are presented, and we

find cases in California or Idaho or any other state which are persuasive, we feel that we should not hesitate to give them due consideration. It is conceded that the irrigation district laws of Nevada, as well as most of the western states, is patterned after the Wright act of California, and the decisions of the State of California interpreting that act, which had been decided at the time of the enactment of the Nevada irrigation district law, will be given great weight in the determination of cases involving the latter.

■ Appellants adopt two statements in the case of In re Walker River Irrigation District, namely, that an assessment is not a tax and that an irrigation district is not a municipality, and place much emphasis on their importance. As we gather the construction placed thereon by appellants, their contention is that such a finding absolutely prohibits an irrigation district assessment from being placed upon an equality with a tax as the same is known in the strictest sense of the term. However, an assessment owes its origin to the same sources as the taxing power, and we believe that that power is constitutionally authorized to fix the priorities of levies and the liens that may attach, and to empower a public corporation, which an irrigation district is conceded to be, to enforce the liens given to it.

■■ It is conceded that the policy of the state is to encourage the formation of irrigation districts, so that the arid lands may be brought under cultivation, the welfare and comfort of its inhabitants enhanced, and the taxable value of the state enlarged. It is reasonable to suppose that in enacting legislation furthering this general policy, the legislature intended that general taxes for state and county purposes and assessments for irrigation districts should coexist, recognizing that the one is dependent upon the other. The argument that unless the general taxes are made superior, counties, cities and towns will perish, finds little support when it is understood that the lands within an irrigation district

would afford little sustenance to the inhabitants and small tax returns to the counties, cities and towns if it were not for the benefits which the formation of an irrigation district and the resulting opportunity to bring land under cultivation provide. In furtherance of this plan, the legislature of the State of Nevada has spoken, and assured those who have advanced the capital to make the improvements that the land thus improved shall repay the amounts advanced and expended, and have enacted that a lien shall subsist upon said lands to insure the payment thereof. Such is the announced public policy. It is fair, equitable and just, and should not be struck down by the courts unless there is a very clear and compelling reason for so doing. Our consideration of the cases presented leads to the conclusion that the legislature intended that the lien for irrigation district assessments and for general county taxes should be of equal dignity and importance and should remain a lien upon the lands in the district until paid, and thus defeat any attempt that might be made to permit taxes placed upon the lands to become delinquent and then buy in the said lands free of the irrigation district assessments, which course, if pursued to any considerable extent, would cause the district to become non-existent.

One important proposition advanced by appellants as indicating that section 29½ not only creates the irrigation district lien as equal to the general tax lien but that it makes it superior, is the provision for the sale of the land at summary sale, where the same has been bought in by the county and no future sale to an individual made, and at said summary sale the district might purchase the same minus the lien for general county taxes. We are not called upon to decide that matter in this case; the county sold the land and extinguished its lien thereby. The question here is whether or not the legislature can constitutionally provide a lien for irrigation district assessments and make it equal to

the general tax lien. We hold that it can, and the following cases will so demonstrate. The summary provision of the statute for sale is for the enforcement of that lien. The question of whether or not the general tax lien would thereby be abolished if the land should be bought in by the district is not involved; the county has exercised its remedy. We think that sections 41 and 55 of the general revenue law were amended by implication, by section 29½ of the irrigation district law, and that the tax deeds given by the county under said sections 41 and 55 do not convey absolute title, but that such conveyance is burdened with the irrigation district lien unless the assessments have been paid. The following cases are authority for the proposition that the legislature can constitutionally so provide: Howie v. Panola-Quitman Drainage District, 168 Miss. 387, 151 So. 154; Bolton v. Terra Bella Irrigation District, 106 Cal. App. 313, 289 P. 678; La Mesa Lemon Grove and Spring Valley Irrigation District v. Hornbeck, 216 Cal. 730, 17 P. (2d) 143; North Spokane Irrigation District v. Spokane County, 173 Wash. 281, 22 P. (2d) 990; Yakima County v. Stephens, 177 Wash. 601, 33 P. (2d) 93.

Appellants discount the value of some of these cases as authority because the word "tax" is used, rather than "assessment," and rely on the distinction made in the Walker river irrigation district case. We are unable to agree that the force and effect of said cases as authority is so destroyed.

There is no reason why assessments levied for the use and benefit of a duly organized and lawful irrigation district should not be of equal validity and dignity with other taxes and enforced in the same manner. Moore v. Gas Securities Co., 8 Cir., 278 F. 111.

The state may constitutionally provide that an irrigation district assessment lien shall at least be equal to a lien for general taxes. Bolton v. Terra Bella Irrigation District, supra; Kennewick Irrigation District v. Benton County, 179 Wash. 1, 35 P. (2d) 1109; North

Spokane Irrigation District v. Spokane County, supra;
Howie v. Panola - Quitman Drainage District, supra;
Prince v. Ypsilante, 140 Okl. 131, 282 P. 282; In re
Gould, 110 Minn. 324, 125 N. W. 273.

■ A tax lien has no inherent priority over other
liens, but only such priority as is given by statute. 37
Cyc. 1143, 1144; Miller v. Anderson, 1 S. D. 539, 47
N. W. 957, 11 L. R. A. 317; Bibbins v. Clark, 90 Iowa
230, 57 N. W. 884, 59 N. W. 290, 29 L. R. A. 278; Guinn
v. McReynolds, 177 Cal. 230, 170 P. 421; Bolton v. Terra
Bella Irrigation District, supra.

In the absence of a specific statute, the lien for general
taxes is only coequal with liens of other governmental
units; because one agency is larger or more important
than another, it does not give it priority for tax liens.
26 R. C. L. 404; Kentucky Land Investment Co. v.
Fitch, 144 Ky. 273, 137 S. W. 1040, Ann. Cas. 1913A,
672; Allison Realty Co. v. Graves Investment Co. 115
Fla. 48, 155 So. 745; City of Tampa v. Barbee, 115 Fla.
46, 155 So. 751; Hoffman v. Otto, 277 Mich. 437, 269
N. W. 225; Tax Securities Corporation v. Security
Investment Corporation, 115 Fla. 536, 155 So. 752.

Irrigation district assessments are equivalent to and
should be treated as if they are in the same class as tax
liens, and for that reason irrigation district assessments
should be on a parity with and treated as coequal with
liens for general taxes. Outlook Irrigation District v.
Fels, 176 Wash. 211, 28 P. (2d) 996; Horse Heaven Irri-
gation District v. Jenkins, 183 Wash. 49, 48 P. (2d) 591;
Bankers Farm Mortgage Co. v. Christofferson, 221 Wis.
148, 266 N. W. 220.

■ It is evident that the legislature has the undoubted
power to say whether taxes shall constitute a lien, in
the first instance, and what priority it shall have, in
the second instance, and may provide that taxes shall
not create a lien at all; that the legislature intended,
by the enactment of section 8042 N. C. L. 1929, that a
sale by a county should not defeat a district lien; that

the legislature intended thereby to protect an irrigation district in the collection of its taxes, assessments, tolls and charges; and that it was the intention of the legislature that the county should collect these assessments in the same way school and city taxes are collected.

Appellants strongly rely upon the case of Hanson v. Burris, 86 Utah 424, 46 P. (2d) 400. The Utah court, in distinguishing said case from that of Moore v. Gas Securities Co., supra, stated that it was unable to accept the reasoning there employed, because of the former decisions and statutes of their state. We are confronted with no such obstruction in our consideration of this and other cases, and find the reasoning in the case of Moore v. Gas Securities Co. in conformity with the legislative policy of this state and former decisions of this court.

■ Appellants raise the further question that section 29½ of the Nevada irrigation district law was not validly enacted, in that the provisions of the general revenue law of Nevada are purported to be changed, without reference to them by title or otherwise, or without setting them out in full as amended. Constitution article IV, section 17, reads as follows: "Each law enacted by the legislature shall embrace but one subject, and matters properly connected therewith, which subject shall be briefly expressed in the title; and no law shall be revised or amended by reference to its title only; but, in such case, the act as revised, or section as amended, shall be re-enacted and published at length."

We do not believe the contention is good. The Nevada irrigation district law does not purport to be an amendatory act; it is clearly an independent act, complete in itself. Such acts are almost universally held not to violate the terms of the constitutional provisions above quoted. State v. Cole, 38 Nev. 488, 151 P. 944.

In the case of Southern Pacific Company v. Bartine, C. C., 170 F. 725, 739, Judge Farrington said: "Hence, courts have not inclined to extend this prohibition

beyond the mischief it was designed to prevent. Where a new act deals with the details of a former law and is designed to correct its defects and remedy its deficiencies without changing its general framework, then in order that the act as amended may be readily and fully understood, and the force and effect of changes appreciated, the original act or section as amended must be set out at length and its title referred to; but when a new act is complete in itself, when it does not purport to be amendatory of any previous act and requires no reference to another law to discover its scope and meaning, the mischief to be guarded against is not present and the reason for the rule fails. In such a case, though the new law has the effect of modifying a former law, it is not an amendatory statute within the meaning of the Constitution, and the previous law as modified or amended need not be re-enacted or published at length, nor is it requisite to the validity of the new law that it refer to the title of the old law. 'Hence, an act of the Legislature not amendatory in character, but original in form and complete in itself, exhibiting on its face what the law is to be, its purpose and scope, is valid, notwithstanding it may in effect change or modify some other law on the same subject.' * * * "

Judgment affirmed.